28610. VILLAGE CREATIONS, LTD. v. CRAWFORDVILLE ENTERPRISES, INC. et al. 28677. SOUTHERN CHRISTIAN LEADERSHIP FOUNDATION v. VILLAGE CREATIONS, LTD. et al.

NICHOLS, Presiding Justice.

Crawfordville Enterprises, Inc. gave a deed to secure debt to the Farmers Bank in 1968. On July 29, 1972 such deed to secure debt was transferred to Village Creations, Ltd. In August, 1972 Village Creations, Ltd. filed the present action seeking foreclosure and named the

Southern Christian Leadership Foundation, (SCLF) as the owner of the equity of redemption. Various other lien-holders, including the Frieda Foundation of New York, were named as defendants.

The defenses of Crawfordville Enterprises, Inc. and the Frieda Foundation were based upon a contention that a deed from Crawfordville Enterprises to the Southern Christian Leadership Foundation was not authorized and was thus void so that SCLF did not own the equity of redemption and that Village Creations, Ltd. as lessee of the premises from the owner of the equity of redemption (Crawfordville Enterprises, Inc.) owed more rent than was due in conjunction with the deed to secure debt purchased by it from the Farmers Bank, that such deed to secure debt should be canceled thereby elevating Frieda Foundation to the position of the senior lien-holder.

By agreement, the issues thus made were heard by the court on affidavits without the intervention of a jury. On June 28, 1973 when all witnesses for the appellants were present in court the trial court directed that all evidence be submitted by July 13, 1973.

Evidence relied upon by the appellants was not submitted until July 20, 1973. The trial court refused to reopen the case and did not consider such affidavits. The contention is made that the refusal to reopen the case and consider such affidavits was error.

1. "It is the general law, so far as we know it, that when a judicial tribunal or quasi judicial tribunal has closed a hearing for the taking of evidence, that it is within the discretion of such tribunal as to whether the case be reopened for the taking of further testimony. This rule of general practice has many savory effects." *Hartford Accident &c. Co. v. Garland,* 81 Ga. App. 667, 670 (59 SE2d 560).

Counsel for the appellants, in an affidavit made in support of the contention that the late affidavits should have been considered, speaks of the necessity to prepare the affidavit of one witness, forward it to the Virgin Islands, where it was executed and returned to Chicago, Illinois between June 28, 1973 and the date it was filled, and yet the same affidavit states that all witnesses were

present in the courthouse on June 28, 1973.

Why, since the case was set for trial on affidavits on June 28, 1973 and the witness was in court, it was necessary to wait until one attorney returned to Chicago and then prepare an affidavit for the witness who had gone to the Virgin Islands is not explained. Under such circumstances it cannot be said that the trial court abused its discretion in refusing to reopen the case. Other affidavits were executed on July 11, 1973 but not filed until July 20, 1973.

2. In order for the appellants to prevail the contention that the deed from Crawfordville Enterprises, Inc. to the Southern Christian Leadership Foundation must be found to be a valid binding deed.

Code Ann. § 22-5106 provides: "Instruments executed by a corporation conveying an interest in real property, with the exception of transfers of and releases from security instruments, when signed by the president or vice president and attested or countersigned by the secretary or assistant secretary or cashier or assistant cashier of the corporation, with the corporation's seal attached, shall be conclusive evidence that said officers signing are duly authorized to execute and deliver the same. Any corporation may, by proper resolution, authorize the execution of such instruments by other officers of the corporation." This enactment of the General Assembly in 1968 (Ga. L. 1968, pp. 565, 818) made conclusive that which had merely been prima facie. See *Boone v. Jenkins,* 147 Ga. 812 (95 SE 707). If the seal does not appear upon a deed executed by the president of a corporation and attested by the secretary there is no presumption as to the officers' authority to execute it. See Mitchell, Real Property in Georgia, p. 80; Powell on Actions for land, § 221, p. 234.

The deed in the present case did not have the corporate seal attached but was merely shown to have been signed by an individual shown by the other evidence to be the president of Crawfordville Enterprises, Inc. and attested by the secretary of such corporation.

Affidavits submitted by Crawfordville Enterprises, Inc. denied that the board of directors had ever authorized such deed to be executed.

The affidavits filed after the evidence had been closed and not considered by the trial court included a statement by one affiant that he was present at a director's meeting where such deed was discussed and one executed by the "attesting secretary" in which she attached copies of the corporation's minutes to support her contention that execution of the deed was authorized. Such affidavit also disclosed that such "attesting secretary" was no longer the secretary of such corporation.

Code § 38-626 provides: "When any portion of the contents of the books or records of any incorporated company (located in this State) shall be material and competent evidence in any civil cause, the party desiring to use the same in evidence, upon procuring a correct transcript from said books, certified under the hand of the chief officer in charge of the office where said books may be, that said extract is a true and complete transcript of all that appears upon the books in said office relative to that subject-matter, may use said extract in evidence, in lieu of the books themselves: Provided, he shall have first served the opposite party with a copy of such extract, with notice that the same will be offered in evidence, 20 days before court. Nothing in this section shall be construed to impair or diminish the right of either party to compel the production of books and papers, by notice, where in the hands of the opposite party, or by subpoena duces tecum, where in the hands of third persons." Ga. L. 1873, p. 35.

While interrogatories were filed which required Crawfordville Enterprises to give certain information no notice was served to require production of the corporate minutes.

Accordingly, even if the affidavits filed after the evidence had closed, had been considered, it would not require a different conclusion as to the invalidity of the deed.

3. The remaining contention to be dealt with concerns the finding of the trial court that Village Creations, Ltd. has been in possession of the property for at least 2 years without the payment of any rental and that the rental value of the property exceeds the amount

due on the notes purchased by Villages Creations, Ltd. from the Farmers Bank.

It is undisputed that SCLF went into possession of the premises under a contract with Crawfordville Enterprises, Inc. which contract permitted it to assign its rights and obligations. These rights and obligations were assigned to Village Creations, Ltd. and the possession of Village Creations, Ltd. was under such agreement.

Therefore, that part of the judgment of the trial court declaring the deed to secure debt satisfied because Village Creations, Ltd. had had possession for at least 2 years must be reversed and the case remanded for a determination as to the amount due Crawfordville Enterprises, Inc. by Village Creations, Ltd. under the agreement.

*Judgment affirmed in part; reversed in part. All the Justices concur.*

SUBMITTED FEBRUARY 11, 1974 — DECIDED APRIL 4, 1974 — REHEARING DENIED APRIL 23, 1974.

*Isabel G. Webster,* for appellant (Case No. 28610).

*Lawson E. Thompson, Aldus S. Mitchell,* for appellees.

*Aldus S. Mitchell, Chauncey Eskridge,* for appellant (Case No. 28677).

*Lawson E. Thompson, Isabel G. Webster,* for appellees.