### 54396. McCULLOUGH et al. v. GEORGIA RAILROAD BANK & TRUST COMPANY.

Quillian, Presiding Judge.

Wallace L. McCullough and McCullough Mechanical, Inc. brought an action against Georgia Railroad Bank & Trust Company alleging that the bank wrongfully refused to cancel a certain security instrument upon the individual plaintiff's tender of $22,904.55. The defendant answered and subsequently moved for summary judgment.

After a hearing the trial judge granted the defendant's motion upon consideration of the following facts: On August 7, 1970, Wallace L. McCullough executed and delivered to Richmond County Bank, a certain deed to secure debt containing an "open end" or "dragnet" clause securing a note of even date therewith in the original principal amount of $20,000 payable to Richmond County Bank, such instrument being recorded on August 19, 1970.

Effective January 1, 1971, Richmond County Bank was merged into Georgia Railroad Bank & Trust Company under the provision of Code Ch. 13-14 (Ga. L. 1919, p. 135 et seq.).

On July 16, 1973, Wallace L. McCullough executed a new note payable to the order of Georgia Railroad Bank & Trust Company in the amount of $25,000 which stated on its face that it was secured by the deed to secure debt from Wallace L. McCullough to Richmond County Bank, such

note being a renewal note as well as for additional funds at a time when the balance of the original debt to Richmond County Bank was $16,200.89.

After the execution of the July 16, 1973 note and prior to February 25, 1976, Wallace L. McCullough executed other notes payable to the Georgia Railroad Bank & Trust Company and guaranteed the repayment of other indebtednesses to Georgia Railroad Bank & Trust Company, and as of February 25, 1976, was indebted to the Georgia Railroad Bank & Trust Company on direct and contingent obligations in a sum in excess of $100,000.

On February 25, 1976, plaintiffs, through their agent Howard S. Bush offered tender to defendant in the sum of $22,876.90, which was the amount of the balance owing on the $25,000 note referred to above.

The defendant refused to accept the offer of tender alleging other debts were owing defendant by Wallace L. McCullough which were secured by virtue of the "open end" or "dragnet" clause contained in the deed to secure debt dated August 7, 1970.

On March 2, 1976, the plaintiffs, through their attorney, tendered the sum of $22,904.55, which was the amount of the balance owing on that date on the $25,000 note referred to above, in cash to defendant demanding cancellation and delivery of the security deed and such tender was refused by defendant.

On March 31, 1976, after the filing of this suit, Wallace L. McCullough obtained a cancellation of the security deed by paying to defendant the sum of $59,285.68 on account of debts owing defendant secured by the security deed, under the stipulation that the payment was made by plaintiffs under protest and without prejudice to them.

The trial judge found that "The provisions of Ga. Code Ann. § 13-1406 and § 67-1316 do not operate so as to preclude the defendant Georgia Railroad Bank & Trust Company from utilizing the provisions of the 'open end' or 'dragnet' clause contained in the security deed from Wallace L. McCullough to Richmond County Bank to secure obligations of Wallace L. McCullough to the defendant Georgia Railroad Bank & Trust Company."

From that adverse judgment, plaintiffs appeal. *Held:*

In our review of the trial judge's order we consider two statutory provisions. Code § 13-1406 provides: "Upon the merger or consolidation of any banks in the manner herein provided, all and singular, the rights, franchise, duties and liabilities, and the interests of the bank or banks so merged or consolidated, and all the assets of every kind and character, including the real and personal property and choses in action thereunto belonging, shall be deemed to be transferred to and vested in such bank into which the other or others have been merged or in the consolidated bank, without any deed, transfer or assignment, and said bank shall hold, enjoy and be subject to the same in the same manner and to the same extent as the merged or consolidated banks, respectively, had, held, owned, enjoyed, and was subject to the same."

Code Ann. § 67-1316 (Ga. L. 1958, p. 655) reads as follows: "The operation of 'open-end' clauses contained in real estate mortgages or deeds conveying realty as security for a debt which clauses provided that such instruments or the property thereby conveyed secured, in addition to the debt therein named or described any other debt or obligation that may be or become owing by the mortgagor or grantor is limited to other debts or obligations arising ex contractu (as distinguished from ex delicto) between the original parties to such security instrument."

In our construction of the two statutes, if any conflict be found, Code Ann. § 67-1316 would predominate since: (1) it deals particularly and specifically with the issue in question while Code § 13-1406 deals only generally (*West v. Forehand,* 128 Ga. App. 124, 126 (195 SE2d 777); *Sutton v. Hancock,* 118 Ga. 436 (7) (45 SE 504)); (2) it is subsequent in time and thus the last expression of the legislative will. *Tomblin v. S. S. Kresge Co.,* 132 Ga. App. 212 (6) (207 SE2d 693), and cits.

In *Bowen v. Kicklighter,* 124 Ga. App. 82, 85 (183 SE2d 10), this court held, "since the enactment of Ga. L. 1958, p. 655 (Code Ann. § 67-1316) the 'open end' provision in the deed operates only as to indebtedness between the *original parties* to the deed; a transferee cannot, for prior indebtedness owing to him, or for additional advances to the maker have the benefit of the

security under the deed, beyond those provided in Code Ann. § 67-1317." This does not mean that the transferee cannot enforce the indebtedness of the original parties, but the transferee may not enforce under the "open end" clause a new indebtedness between him and the original party to the deed.

It is therefore evident that the Georgia Railroad Bank & Trust Co. is not, in common parlance, an original party to the deed. What then is the effect of Code § 13-1406? Under its provisions, is the bank a transferee or an original party to the security deed? Cogent and persuasive arguments have been advanced by both sides. Nevertheless, we find the bank does fall within the prohibitory purview of Code Ann. § 67-1316.

We reach this conclusion from our examination of the relationship between the two statutes. The obvious purpose of Code § 13-1406 was to eliminate the necessity of a formal transfer and assignment of various property including negotiable paper, security instruments, etc., from the constituent bank originally possessing them to the consolidated bank. The consolidated bank would then, under the last clause in Code § 13-1406, enjoy the same rights as the constituent bank. However, it would enjoy such rights as a transferee, not as an alter ego. As pointed out in *Bowen v. Kicklighter,* 124 Ga. App. 82, 85, supra, the language that one is entitled to "the same rights and priorities" is indigenous to the status of a transferee. Thus, there is no language in the statute which would require the construction that the bank was indeed an original party.

Code Ann. § 67-1316 prohibits one not an original party to the security deed from utilizing a "dragnet" provision to secure existing or prospective debts owing to the third-party creditor. Hence, under the instant circumstances, since the defendant bank was not an original party, Code Ann. § 67-1316 would prevent its utilization of the "open end" clause contained in the 1970 deed to secure debt.

The trial judge erred in granting summary judgment to the defendant bank.

*Judgment reversed. Shulman and Banke, JJ., concur.*

SUBMITTED SEPTEMBER 15, 1977 — DECIDED JANUARY 10, 1978 — REHEARING DENIED FEBRUARY 7, 1978 —

Harrison, Jolles, Miller & Bush, Howard S. Bush, Wilkinson, Wallace & Wilson, A. Stephenson Wallace, for appellants.

Nixon, Yow, Waller & Capers, Samuel C. Waller, Roy D. Tritt, for appellee.