## 33514. GEORGIA RAILROAD BANK & TRUST COMPANY v. McCULLOUGH et al.

JORDAN, Justice.

This court granted certiorari to review the decision of the Court of Appeals in *McCullough v. Ga. R. Bank &c.*

*Co.,* 144 Ga. App. 698 (242 SE2d 271) (1978).

On August 7, 1970, McCullough executed a deed to Richmond County Bank to secure an indebtedness of $20,000. The deed contained an "open end" clause securing any other present or future indebtedness owed by the debtor to the creditor. On January 1, 1971, Richmond County Bank merged into Georgia Railroad Bank & Trust Company under the provisions of Chapter 13 of the Code of 1933, with the effect of the merger being determined by § 13-1406. (The present effect of bank mergers is determined by Ga. L. 1974, pp. 705, 878; Code Ann. § 41A-2407). After the merger of the banks, McCullough executed other notes to Georgia Railroad Bank & Trust Company. One of these was in the amount of $25,000 and was a renewal of the balance due on the $20,000 note given to Richmond County Bank and for additional funds. The present case arose when tender was made of the balance due on the $25,000 note. Georgia Railroad Bank & Trust Company refused to cancel the security deed given to Richmond County Bank in 1970, contending that it was security for subsequent indebtedness to Georgia Railroad Bank & Trust Company.

The Court of Appeals considered Code § 13-1406 and Code Ann. § 67-1316 (Ga. L. 1958, p. 655).

Code § 13-1406 provided: "Upon the merger or consolidation of any banks in the manner herein provided, all and singular, the rights, franchise, duties and liabilities, and the interests of the bank or banks so merged or consolidated, and all the assets of every kind and character, including the real and personal property and choses in action thereunto belonging, shall be deemed to be transferred to and vested in such bank into which the other or others have been merged or in the consolidated bank, without any deed, transfer or assignment, and said bank shall hold, enjoy and be subject to the same in the same manner and to the same extent as the merged or consolidated banks, respectively, had, held, owned, enjoyed, and was subject to the same."

Code Ann. § 67-1316 (Ga. L. 1958, p. 655) provided: "The operation of 'open-end' clauses contained in real estate mortgages or deeds conveying realty as security for a debt which clauses provided that such instruments or

the property thereby conveyed secured, in addition to the debt therein named or described, any other debt or obligation that may be or become owing by the mortgagor or grantor is limited to other debts or obligations arising ex contractu (as distinguished from ex delicto) between the original parties to such security instrument."

The Court of Appeals held that § 67-1316 would prevail, if in conflict with § 13-1406, since it is the last expression of the legislative intent and deals specifically with the issue in question. The Court of Appeals found that Georgia Railroad Bank & Trust Company is a transferee of the deed and not an original party, and cannot enforce other indebtedness due it under the "open-end" clause of the deed.

We do not agree with the Court of Appeals in these conclusions. Code § 13-1406 provided that the assets of a bank merged into another bank were "deemed to be transferred to" the resulting bank. The isolation of these words from the section to reach the determination that the resulting bank is the transferee of the security deed, and not the original party, does not give effect to the expressed intention of the Section that the resulting bank is the owner of the assets of the merged banks "in the same manner and to the same extent as the merged or consolidated banks, respectively, had, held, owned, enjoyed, . . ." The original party to the security deed remains an integral part of the merged banks. It does not lose its existence in the merger, although it loses its identity.

Code Ann. § 67-1316 (Ga. L. 1958, p. 655) gave no definition of the words "original parties," and did not state specifically whether a bank resulting from a merger is an original party, within the meaning of the section, to a security deed executed to one of the merging banks.

A 1978 amendment to Code Ann. § 67-1316 (Ga. L. 1978, pp. 1705, 1708) has added a sentence as follows: "The term 'original party' as used herein shall include, without limitation, any bank, trust company, or other corporation into which the grantee of any such real estate mortgage or deed conveying realty as security for a debt shall be merged or consolidated." This amendment will end any confusion as to future mergers.

It is our opinion that Code Ann. § 67-1316, prior to the 1978 amendment, should be given the same construction as is stated by the amendment as to the meaning of the term "original parties." Thus construed, we find no conflict between it and Code § 13-1416.

The Court of Appeals erred in holding that Georgia Railroad Bank & Trust Company did not have the right to enforce the "open end" clause of the security deed from McCullough to Richmond County Bank.

*Judgment reversed. All the Justices concur.*

ARGUED JUNE 12, 1978 — DECIDED JUNE 28, 1978.

*Nixon, Yow, Waller & Capers, Roy D. Tritt, Samuel C. Waller, Charles C. Stebbins, III,* for appellant.

*King & Spalding, Frank C. Jones, George S. Branch, Arthur K. Bolton, Attorney General, James C. Pratt, Assistant Attorney General,* amicus curiae.

*Harrison, Jolles, Miller & Bush, Howard S. Bush, A. Stephenson Wallace,* for appellees.