**In the Matter of Neal GRAY, Debtor.**

**Bankruptcy No. 80-00416.**

United States Bankruptcy Court,
M. D. Georgia,
Macon Division.

Sept. 12, 1980.

Alex Davis, Attorney at Law, Butler, Ga., for defendants.

L. Z. Dozier, Attorney at Law, Macon, Ga., for plaintiffs.

## MEMORANDUM DECISION ON COMPLAINT TO ENFORCE STAY AND FOR OTHER RELIEF

### FINDINGS OF FACT

HENRY D. EVANS, Bankruptcy Judge.

On January 31, 1973, Neal Gray, debtor, transferred the real property which is the subject of this litigation to Contract Finance Corporation by Deed to Secure Debt with Power of Sale. The deed was duly recorded.

On the 3rd day of December 1974, Contract Finance Company, Inc. transferred the subject property to Jack and Evelyn Hammack by a "Deed under Power of Sale." The deed so conveyed was signed before two witnesses, one of whom was a Notary Public and was executed by "Contract Finance Company As Attorney-in-fact for Neal Gray—By: William J. Hammack." The capacity in which Mr. Hammack signed was not disclosed, there was no corporate seal affixed, and neither secretary, cashier, assistant secretary nor assistant cashier of the corporation signed. At the time of transfer Jack Hammack (William J.) was the President and substantial shareholder of Contract Finance Corporation.

### CONCLUSIONS OF LAW

The sole question before the Court is whether the above referenced deed was sufficiently executed to transfer the property in question. If so, the property was not property of the estate and is not within the jurisdiction of this Court. If not, the debtor maintains an equity of redemption in the property and it is part of his estate and under the auspices of this Court. The answer is in the negative.

The fact that the corporate name stated as attorney–in–fact for Neal Gray in the deed under power of sale is slightly different from the corporate name stated as grantee in the deed to secure debt from Neal Gray would be inconsequential if standing alone. See Ga.Code Ann. ch. 85–2, Appen. 9.1. In the same respect, were the corporate seal attached to the instrument, the failure to state the capacity in which William J. Hammack signed the deed under power of sale would be insignificant. See *Malcolm v. Fulton County*, 209 Ga. 392, 73 S.E.2d 173 (1952). But the Code of Georgia is clear as to what is necessary to execute a deed by a corporation, Ga.Code Ann. § 22–5106 and the deed considered simply does not sufficiently comply with the statute to raise a presumption of transfer and the Georgia Supreme Court has indicated that in the absence of the corporate seal mere parol evidence indicating that one is the president of the corporation involved in the transaction is insufficient to prove the authority to transfer. *Village Creations, Ltd. v. Crawfordville Ent., Inc.*, 232 Ga. 131, 206 S.E.2d 3 (1974).

Hence the Deed under Power of Sale executed by William J. Hammack on December 3, 1974 did not transfer title to the property to Jack and Evelyn Hammack. Therefore, the property in question is still subject to the Deed to Secure Debt between Neal Gray and Contract Finance Corpora-

tion dated January 31, 1973, leaving an equitable right of redemption in the debtor which is subject to the jurisdiction of this Court.