68128. STATE BANK & TRUST COMPANY v. NEWBY.

Birdsong, Judge.
This appeal arises from the trial court's judgment in favor of Newby after trial on Newby's traverse to State Bank and Trust Company's affidavit in support of this garnishment proceeding. The trial court's judgment was based solely upon the finding that State Bank "failed to produce competent evidence of its right or legal title to the proceeds of the garnishment by assignment or otherwise, nor plead the real party in interest within a reasonable time after objection. . . ."

This garnishment proceeding was brought in the name of State Bank & Trust Company, but is based upon a judgment rendered in favor of the Bank of Pinehurst. No assignment of the claim or written evidence of the merger (OCGA § 7-1-536 (b)) of the Bank of Pinehurst into appellant appears of record. However, the chief executive officer of State Bank testified under questioning by Newby: "Q. What's happened to the Bank of Pinehurst. . . . A. The Bank of Pinehurst . . . depleted all their capital, the bank was sold, other individuals bought the bank, recapitalized the bank, and got it on its feet again and ultimately merged with State Bank & Trust Company. . . . The Bank of Pinehurst is not the Bank of Pinehurst anymore. It is now part of State Bank & Trust Company. Q. [Newby] I know it." The witness further testified: "Q. How did the State Bank & Trust Company become involved in this matter? . . . A. The State Bank & Trust Company merged with the Bank of Pinehurst sometime after the judgment was rendered in 1982. . . . In July of 1982, we merged with the Bank of Pinehurst. . . . [The Bank of Pinehurst] ultimately merged . . . with the State Bank & Trust Company and it became a part of the State Bank & Trust Company." Newby produced no evidence rebutting or in any way challenging State Bank's evidence of merger. *Held:*

1. OCGA § 7-1-536 (c) provides: "When a merger or consolidation becomes effective, each party to the plan, except the resulting bank or trust company, shall cease to exist as a separate entity but shall continue in, and the parties to the plan shall be, a single corporation which shall be the bank or trust company and which shall have, *without further act or deed,* all the property, rights, powers, trusts, duties, and obligations of each party to the plan." (Emphasis

supplied.) The clear purpose of this statutory provision was to eliminate the necessity of a formal transfer or assignment of the property of the constituent bank to the consolidated bank. *McCullough v. Ga. R. Bank &c. Co.*, 144 Ga. App. 698, 701 (242 SE2d 271), reversed on other grounds sub nom. *Ga. R. Bank &c. Co. v. McCullough*, 241 Ga. 456 (246 SE2d 313). "The original party to the [debt] remains an integral part of the merged banks. It does not lose its existence in the merger, although it loses its identity." *Ga. R. Bank &c. Co. v. McCullough*, supra, 241 Ga. at 458.

It is evident from the foregoing authority that the trial court erred in holding that State Bank had to produce evidence of an assignment of the judgment rendered in favor of the Bank of Pinehurst prior to instituting garnishment proceedings in State Bank's name. In order to proceed on the judgment rendered in favor of its predecessor bank, appellant merely had to show that the original judgment creditor bank no longer existed because it had merged into appellant.

2. The unimpeached, uncontradicted, unobjected to testimony of appellant's witness established the merger of the Bank of Pinehurst into appellant subsequent to the judgment upon which this garnishment proceeding is based. Although this fact could have been shown by the certificate of merger, the oral testimony as to the fact of merger constituted competent and probative evidence to establish that fact. " '[O]ral testimony of a fact in issue may be primary evidence thereof, although there is written evidence of the same fact, where the essential fact to be proved is neither the existence nor the contents of the writing, but the existence of the independent fact itself, to which the writing is merely collateral or incidental.' " *McKinnon v. Shoemaker*, 166 Ga. App. 231, 232 (303 SE2d 770). Inasmuch as appellant demonstrated the fact of merger by uncontradicted and unimpeached testimony, the trial court, as the fact finder, had no alternative except to find that the Bank of Pinehurst had merged into appellant. Accordingly, as there are no other defenses to the garnishment proceeding appearing from the evidence, the trial court erred in entering judgment in favor of appellee and in failing to enter judgment in favor of appellant on its garnishment.

*Judgment reversed. Quillian, P. J. concurs. Carley, J., concurs specially.*

DECIDED MAY 10, 1984.

*David M. Pierce*, for appellant.
Robert L. Newby, Jr., *pro se.*

CARLEY, Judge, concurring specially.
I agree with the majority's analysis in Division 1 of the opinion. I

also agree with the conclusion of Division 2 that there was sufficient evidence to show the merger of the Bank of Pinehurst into State Bank & Trust Company. The testimony of the bank officer was sufficient under the rationale of *Merrill Lynch, Pierce, Fenner & Smith v. Zimmerman*, 248 Ga. 580 (285 SE2d 181) (1981).