## 69918. ADAMS et al. v. CATO.
(332 SE2d 355)

BEASLEY, Judge.

General contractor Adams contracted with the City of Greenville to complete a sewer improvement project, for which Integon Indemnity Corporation posted payment bond. Cato was the primary subcontractor and filed suit for approximately $39,000 which he claimed he was still due after payment of approximately $57,000.

Plaintiff Cato contended that he and Adams orally agreed that Cato would provide the equipment and labor and would supervise the grading of the land. For these services, Cato asserted, he was to be compensated and upon completion of the project, he was to share in the profits. Defendants denied the indebtedness to Cato and contended the full amount owed on the project was paid.

The case was tried, and the jury returned the verdict for Cato upon which judgment was entered in the amount of $25,200 plus $3,600 in attorney fees for bad faith. Defendants' motion for new trial on the general and other grounds was denied. One of the grounds was that the evidence showed that if there was any debt at all, it was to Cato Contracting Company, Inc., the family-owned corporation, and not to Cato individually. They appeal the court's ruling on this ground. *Held*:

1. In effect, defendants challenge Cato's capacity to bring suit. Where a party desires to raise an issue as to the capacity of a party to bring an action, he must do so by specific negative averment in his responsive pleadings. Otherwise, the defense is deemed waived. OCGA § 9-11-9 (a); *Klorer-Willhardt, Inc. v. Martz*, 166 Ga. App. 446 (304 SE2d 442) (1983). The Civil Practice Act mandates further that the challenger raise the issue with "such supporting particulars as are peculiarly within the pleader's knowledge." Defendants failed to include any such averment in their answer to Cato's complaint. As a matter of fact, Adams counterclaimed against Cato, alleging Cato's breach of the very same contract.[1] The failure does not automatically bar defendants from raising their objections at trial: "[W]aiver occurs only when the defendant fails to raise the issue (of capacity) '. . . anytime before judgment.'" *Patterson v. Duron Paints*, 144 Ga. App. 123 (1) (a) (240 SE2d 603) (1977). Even then, as shown in *Patterson*,

---

[1] We note that Adams' payment checks on this contract, which were tendered as his evidence, were made out to "Cato Const. Co." or "Frank Cato," not to any corporation.

it must be timely raised, and the delay in raising it will be measured against the possibly prejudicial effects on the plaintiff. This proper raising must be done to prevent precisely what happened here. Discovery, a pretrial conference and order, and a fairly lengthy trial consumed judicial as well as private resources unnecessarily, if plaintiff had no capacity to pursue this claim. It is primarily a threshold question and generally collateral to the real issues. Had defendant properly raised it, and if it had been found valid, a simple substitution of parties could have been accomplished. OCGA § 9-11-17 (a). The object of lawsuits is to resolve merits of disputes, not to engage in a meaningless frustration of them. As the statute states: "No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest." As defendants did not raise this objection at any time prior to judgment, it is waived.

2. Defendants have failed to address the enumerations regarding bad faith attorney fees in their brief, and they are thus deemed abandoned. Court of Appeals Rule 15 (c) (2); *Ray v. Marietta Marine*, 163 Ga. App. 690 (294 SE2d 698) (1982). As to the general grounds, they argue nothing except the point about capacity, claiming there was no evidence to show indebtedness to this plaintiff. That has already been addressed.

3. After reviewing the record and the briefs, and after consideration of the enumerations of error, we conclude that the appeal in this case "was so palpably without merit as to admit of no other conclusion than that it was filed for purposes of delay." *Great Atlantic &c. Co. v. Burgess*, 157 Ga. App. 632, 633 (278 SE2d 174) (1981). Accordingly, we grant Cato's motion for the imposition of ten percent damages pursuant to OCGA § 5-6-6. The clerk is directed to enter ten percent damages upon the remittitur.

*Judgment affirmed with direction. Deen, P. J., and Pope, J., concur.*

DECIDED JUNE 4, 1985.

*George C. Kennedy, Jr.*, for appellants.
*Mack Reynolds*, for appellee.