73073. PATTERSON v. LANHAM et al.
(355 SE2d 738)

McMURRAY, Presiding Judge.

James Thomas Patterson, Sr. brought an action against William C. Lanham, Stanley E. Sacks and the law firm of Sacks, Sacks & Larkin for legal malpractice. Plaintiff alleged defendants negligently represented him in various anti-trust lawsuits in which he did not prevail and, thereby, defendants breached their contract of employment. Defendants answered, denying the material allegations of the complaint, and filed motions for summary judgment. In support thereof, defendants Lanham and Sacks submitted their affidavits wherein they deposed that they represented plaintiff in accordance with the standard of skill and care required by the legal profession generally under the circumstances in which they were confronted. Defendant law firm submitted the affidavit of Girard C. Larkin, Jr., an

attorney who was associated with defendant law firm and is familiar with the representation which gave rise to plaintiff's claim for legal malpractice against defendants. Mr. Larkin deposed that defendants Sacks and Lanham and defendant law firm exercised actions which "were in accordance with the standards of care and skill exercised by the legal profession generally under similar conditions and like surrounding circumstances, and that degree of care and skill exercised by the legal profession generally was adhered to by them and by me in every respect."

Plaintiff opposed defendants' motions for summary judgment, but he did not bring forth expert evidence concerning defendants' want of professional skill and diligence. Instead, plaintiff responded in his affidavit averring that he had been unable to locate any attorney willing to provide an affidavit to refute the affidavits filed by defendants. The trial court granted defendants' motions for summary judgment based on uncontradicted affidavits filed by defendants and plaintiff appeals pro se. *Held:*

1. Plaintiff contends the trial court erred in failing to grant a continuance in order to allow him the opportunity to file affidavits in opposition to defendants' motion for summary judgment.

"We have held '(t)he grant or denial of a continuance is a matter within the discretion of the trial judge and unless clearly abused will not be interfered with. *Smith v. Davis*, 121 Ga. App. 704, 705 (175 SE2d 28). This applies in summary judgment proceedings. Code Ann. § 81A-156 (f) [now OCGA § 9-11-56 (f)].' *Calcutta Apts. v. Linden & Deutsch*, 131 Ga. App. 743, 744 (206 SE2d 559) (1974)." *Donehoo v. Phillips*, 162 Ga. App. 671 (1), 672 (292 SE2d 542). In the case sub judice, after defendants filed their motions for summary judgment, over 3-½ months elapsed before the trial court entered its order granting defendants' motions. Under these circumstances, we find no abuse of discretion in the trial court's denial of plaintiff's request for additional time in which to file counter affidavits.

2. Plaintiff objects to the consideration of the affidavits filed by defendants on the grounds that only one of the attorneys, defendant Lanham, is a member of the State Bar of Georgia. The record shows that defendant Sacks and affiant Larkin are experienced attorneys and are licensed to practice law in the Commonwealth of Virginia. Both defendant Lanham and affiant Larkin averred that the skill and care utilized in the underlying lawsuits by defendants were comparable to that required *in the legal profession generally*. Under these circumstances, we find the affidavits in question sufficient as a matter of law to oppose plaintiff's allegation of legal malpractice. *Kellos v. Sawilowsky*, 254 Ga. 4 (325 SE2d 757).

Further, plaintiff contends that the affiants were not qualified as experts in the legal profession. "Nothing more is required to entitle

one to give testimony as an expert than that he has been educated in the particular trade or profession, although the special knowledge required to qualify as an expert may be derived from experience as well as study. See *Dennis v. State*, 158 Ga. App. 142, 143 (3) (279 SE2d 275); *Carter v. Marble Products*, 179 Ga. 122 (1), 124-125 (175 SE 480). Where one has been formally educated in a particular trade or profession additional experience by application of that knowledge to a specific problem is not necessary in order to sustain one as an expert." *Inta-Roto, Inc. v. Guest*, 160 Ga. App. 75, 76 (1) (286 SE2d 61). In the case sub judice, it is undisputed that the affiants have received intensive legal training and have been licensed to practice law in at least one state. Further, each affiant has had considerable experience in trial advocacy and, more specifically, defendant Sacks was recognized by plaintiff as being an expert in the field of anti-trust law. Under these circumstances, we find plaintiff's argument to be meritless. Affiants were properly qualified as experts in the field in which they formerly represented plaintiff.

3. Plaintiff asserts several convoluted arguments in support of his remaining enumeration of errors challenging the propriety of the trial court's order granting summary judgment in favor of defendants.

"It is presumed that [defendants] performed legal services for plaintiff in an ordinarily skillful manner. *Hughes v. Malone*, 146 Ga. App. 341, 346 (247 SE2d 107)." *Mims v. Wardlaw*, 176 Ga. App. 891 (3) (338 SE2d 866). This presumption was reinforced in the case sub judice by the affidavits filed wherein it was deposed that defendants represented plaintiff with the requisite degree of skill and care. "In view of the failure of plaintiff to counter [defendants'] evidence with expert legal testimony establishing the parameters of acceptable professional representation, the trial court properly granted [defendants' motions] for summary judgment. *Howard v. Walker*, 242 Ga. 406 (249 SE2d 45)." *Mims v. Wardlaw*, 176 Ga. App. 891 (3), 892, supra. See *Thomas v. Carlisle*, 179 Ga. App. 315, 316 (3) (346 SE2d 79).

*Judgment affirmed. Carley and Pope, JJ., concur.*

DECIDED MARCH 17, 1987 —
REHEARING DENIED MARCH 30, 1987 — ▮▮▮▮▮▮▮

James T. Patterson, Sr., *pro se.*
*Clark H. McGehee*, for appellees.