75292. ECHOLS v. EDWARDS.
(365 SE2d 844)

BIRDSONG, Chief Judge.

George P. Echols, appellant, appeals from the affirmance of a sale

under power contained in a security deed by appellee Charles Edwards. The trial court's findings of fact show that Echols, as part of the purchase price of property known as the Senoia Race Track, executed a note in the amount of $375,000 and a security deed pledging the real estate as security for the note. Echols failed to make a monthly payment and was notified that Edwards was accelerating the remaining amount due on the note. Echols made no further payment and foreclosure followed. The property was advertised as required and was sold before the courthouse door in Coweta County, Georgia, within the legal hours of sale. Edwards was the only bidder and bid in the property for $200,000. After deducting that $200,000 from the amount due on the note, there remained unpaid approximately $170,615.

Edwards filed this action for confirmation of the sale under OCGA § 44-14-161. A real estate appraiser testified that he appraised the "raw land" at $119,985.05, and the value of three buildings thereon at $22,407 or $22,473, and estimated the value of the racetrack between $30,000 and $50,000. (Low total: $172,392.05; high total: $192,458.05.) The trial judge confirmed the sale of the land for $200,000 as representing at least the true market value, and Echols has filed this appeal. *Held*:

1. The real estate appraiser was instructed to appraise on the value of the unimproved, raw land, not the racetrack on it. In addition he was asked to value three buildings on the land. He valued the land at $2,150 per acre, giving the land a total value of $119,985.05. His valuation of the three buildings was $22,473 at two points in his testimony, and $22,407 on another occasion. Although he had not been instructed to value the racetrack, he was aware of an earlier sale of a racetrack, and estimated the value of this racetrack between $30-50 thousand. The expert equivocated on his "estimate" of the value of the racetrack, and admitted it was a "guess" because he had not "run an appraisal on the speedway" but arrived at his estimate on the sale of the other racetrack. We will note only that the appraiser gave the trial court the basis for his opinion. See OCGA §§ 24-9-65; 24-9-66; 24-9-67. Appellant's counsel calls it "guess work." The trial court commented that "all appraisals are guess work."

"As a general rule the price brought at a public sale, after proper and lawful advertisement [as in the instant case], is prima facie the market value of the property sold, absent anything to indicate that there was chilling of the bidding, fraud, or the like adversely affecting the sale." *Thompson v. Maslia*, 127 Ga. App. 758, 764 (195 SE2d 238); accord *Gunnells v. Crump*, 172 Ga. App. 607, 608 (323 SE2d 903). There was no evidence of any impropriety in the advertisement or conduct of the public sale in the case at the bar. However, an applicant for confirmation of the sale may not rely solely upon the prima

facie showing, and must introduce evidence of the true market value of the land to the trial court. Id. at 765.

The duty of the trial court in a confirmation proceeding is to test the fairness of the technical procedures of the advertisement and actual sale, and to insure that the sale brought at least the true market value of the property. *Alexander v. Weems*, 157 Ga. App. 507 (1) (277 SE2d 793). The judge sits as the trier of fact and his findings and conclusions have the effect of a jury verdict. Id. And, a trial judge's determination that the sale reflected the "true market value" of the property will be affirmed where there is any evidence to support it and there is no evidence the sale was chilled or fraud exerted. *Smith v. Fidelity Fed. Savings &c. Assn.*, 149 Ga. App. 730, 731 (256 SE2d 43). Where the advertisement and sale are conducted according to the terms of the power of sale in the security instrument, and in good faith, the foreclosing party has satisfied his duties and obligations to the debtor, pretermitting an allegation of inadequacy of proceeds obtained at the sale. *Kennedy v. Gwinnett Commercial Bank*, 155 Ga. App. 327, 330 (270 SE2d 867). The secured party is not a guarantor of results when he properly exercises his power of sale in the security instrument. Id. at 331.

The trial judge is not required to establish, as a matter of fact and law, the actual dollar amount which represents the true market value of the property. *American Century v. Strickland*, 138 Ga. App. 657, 659 (227 SE2d 460). The statute requires no more of the court than it satisfy itself that the foreclosure sale brought at least the true market value of the property. Id. at 659. The findings of fact and conclusions of law of the trial court in the instant appeal are supported by some evidence, are not clearly erroneous, and show compliance with statutory requirements.

2. Although appellant presents a serious challenge to the means by which the creditor's expert arrived at his opinion as to value, the expert provided the court with the basis for his opinions. If it appears that his opinion is not based on sheer speculation, an appellate court cannot second guess any methodology utilized to reach the opinion. *Harris & Tilley v. First Nat. Bank*, 157 Ga. App. 88, 89 (276 SE2d 137); *Peachtree Mtg. Corp. v. First Nat. Bank*, 143 Ga. App. 17, 19 (237 SE2d 416); see also *Woods v. Andersen*, 145 Ga. App. 492, 498 (243 SE2d 748) (Deen, P. J., spec. concur.)

3. Appellant contends the real estate appraiser failed to include the "grandstands" in his appraisal. This is correct. But, the record contains no evidence that there were any "grandstands" on this property. The appellant testified. If he had wanted to establish that there were "grandstands" in existence on the property, he could have placed that matter in evidence. He did not. This enumeration is without merit.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED JANUARY 6, 1988 —
REHEARING DENIED FEBRUARY 1, 1988.

*Frank J. Shannon III*, for appellant.
*Scott Walters, Jr.*, for appellee.