75549. BPI CONSTRUCTION COMPANY et al. v. COLLECTIVE
FEDERAL SAVINGS & LOAN ASSOCIATION.
(367 SE2d 269)

McMURRAY, Presiding Judge.

This is an appeal from an order confirming a non-judicial foreclosure sale of real property. Petitioner Collective Federal Savings & Loan Association provided a loan to respondent BPI Construction Company evidenced by a note and secured by a warranty deed to secure debt. Respondent Bales guaranteed payment of the note. The purpose of the loan was for BPI Construction Company to acquire a tract of land and construct a condominium community.

The loan was declared in default and on July 1, 1986, petitioner Collective Federal Savings & Loan Association foreclosed on 51 units of the condominium development. At the foreclosure auction the property was sold to petitioner Collective Federal Savings & Loan Association for $1,617,803.21 which was less than the indebtedness secured by the property. This confirmation proceeding followed.

At the hearing of the confirmation proceeding the parties stipulated that the foreclosure sale was properly conducted and that the only issue before the superior court was whether the property was sold at fair market value. In regard to valuation, the parties also stipulated that the fair market value of the property in its completed state was $2,950,000. Respondents appeal the superior court's order confirming the sale. *Held:*

Petitioner's appraisal expert testified that in his opinion the market value of the property on the date of foreclosure was $1,350,000. This figure was calculated by subtracting the cost to complete the project from the stipulated value ($2,950,000) of the completed project. Respondents acknowledge that the formula used by petitioner's appraisal expert is correct, but contend that the estimated cost to complete the project used by petitioner's appraisal expert was fatally flawed.

Petitioner's expert cost estimator first visited the site of the condominium project in October. His estimate of cost to complete the project was dated November 17, 1986. At trial, the petitioner's cost estimator declined to express an opinion as to the cost of completion as of the date of foreclosure, July 1, 1986, stating that he did not have knowledge of what the project looked like on that date.

The petitioner's appraiser adjusted the figure given by petitioner's cost estimator to compensate for deterioration of the project during the four and one-half months between the date of foreclosure

and the date of the estimate of cost to complete. In doing so, petitioner's appraiser reduced the cost to complete estimate by approximately $50,000. Respondents contend that the petitioner's appraiser was not competent to make this adjustment to the cost estimate, relying on the appraiser's testimony that he was not "qualified to do an independent cost estimate on a project like that." Regardless of the merits of this contention, the record contained sufficient evidence to permit the trial court to determine that the sale brought at least the true market value of the property.

Additional evidence presented by petitioner included photographs and a plat of the property, and a written report (dated November 17, 1986) of petitioner's expert cost estimator including an itemized quantity survey and estimate of construction required to complete the buildings. The petitioner's cost estimator also testified as to his inspection of the property including descriptions of what needed to be completed and which items appeared to have been in place prior to the inspections but subsequently damaged or removed. Also, the parties stipulated that petitioner sold the property on January 20, 1987, for $1,600,000.

The superior court judge, as trier of the facts, had sufficient data in evidence upon which he could apply his own knowledge and ideas so as to derive his own opinion as to the market value of the project at the time of the sale. There was ample evidence authorizing the conclusion that the foreclosure sale brought the true market value of the property. *Fleming v. Fed. Land Bank of Columbia*, 148 Ga. App. 765, 766 (1) (252 SE2d 653); *Smith v. Andrews*, 139 Ga. App. 380, 381 (228 SE2d 320); *Thompson v. Maslia*, 127 Ga. App. 758, 764 (4) (195 SE2d 238); *Tifton Corp. v. Decatur Fed. Savings &c. Assn.*, 136 Ga. App. 710, 712 (3) (222 SE2d 115).

*Judgment affirmed. Sognier and Beasley, JJ., concur.*

DECIDED MARCH 11, 1988.

*R. Alex Crumbley, Rollin E. Mallernee II*, for appellants.
*Thomas E. Prior, Timothy J. Sweeney*, for appellee.