*Robert P. Killian*, for appellee.

76708. METROPOLITAN ATLANTA RAPID TRANSIT
AUTHORITY v. PARTRIDGE.
(371 SE2d 185)

DEEN, Presiding Judge.

On a rainy day in March 1984, appellee Partridge was proceeding northerly in the extreme right-hand lane of I-85 and was approaching an entrance ramp when she became aware of an Atlanta Dairies truck parked on the shoulder of the road just beyond the entrance ramp. At the same time she saw a bus belonging to the Metropolitan Atlanta Rapid Transit Authority (MARTA), appellant here, proceeding down the entrance ramp preparatory to entering the northbound lanes of the freeway. As she approached the intersection of the ramp with the freeway itself, the bus entered her lane and she had to swerve to the left. The bus struck the rear of her automobile with sufficient force to spin the car around approximately 180°, so that she was facing south in the next lane; in this position she was hit from the front by a northbound automobile driven by a Ms. Brown. The Partridge automobile was demolished, and Ms. Partridge sustained, *inter alia*, a concussion, injuries to her face, back, and neck, and a spinal injury, as well as psychological injury. She brought an action against Atlanta Dairies, alleging that the truck was improperly and negligently parked; against Ms. Brown, alleging driving too fast for conditions, following too closely, and failing to maintain a proper lookout and to maintain control of her car; and against MARTA, alleging negligence in failing to observe a "Yield" sign and merging improperly. Brown and Atlanta Dairies were subsequently dismissed as parties to the action.

A Fulton County jury awarded Partridge $96,466.50. MARTA appeals, enumerating as error (1) the denial of its motion for directed verdict made at the close of plaintiff's evidence; (2) the denial of its motion for new trial on the grounds that the verdict was excessive and contrary to the weight of the evidence; and (3) the denial of its motion for a new trial and for judgment notwithstanding the verdict, on the basis of the trial court's refusal of a request for a continuance when defense counsel became ill two days into the trial. *Held*:

1. OCGA § 9-11-50 provides that a motion for directed verdict should be granted only if "[t]here is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict." If the evidence on a material issue is in conflict, a directed verdict should not be granted. *Smith v. Allen*, 180 Ga. App. 624, 626 (349 SE2d 548)

(1986); *Beard v. Fender*, 179 Ga. App. 465 (346 SE2d 901) (1986). In the instant case there was evidence that the bus failed to observe the "Yield" sign, thereby raising a genuine conflict in the evidence on the material issue of causation. See, e.g., *Grabowski v. Radiology Assoc.*, 181 Ga. App. 298 (352 SE2d 185) (1986). Thus the court correctly denied MARTA's motion, and this error is without merit.

2. In view of the evidence adduced not only as to appellee's property damage but also as to earning capacity, medical expenses incurred, and the likelihood that she would require additional medical attention in the future, the verdict was well within the range of the evidence. See OCGA §§ 51-12-4; 51-12-7.

As to the second prong of this enumeration, it is well settled that the appellate court addresses only the sufficiency of the evidence, and that it is the prerogative of the jury to determine its weight. *Brown v. Scott*, 151 Ga. App. 366 (259 SE2d 642) (1979). Our review of the record reveals sufficient competent evidence to sustain the verdict. This enumeration, too, is without merit.

3. To grant or deny a request for a continuance is within the sound discretion of the trial court. *Patterson v. Lanham*, 182 Ga. App. 343, 344 (355 SE2d 738) (1987). The record reveals that in the instant case a MARTA attorney informed the court, just prior to the scheduled trial, that the attorney assigned to the case was ill. Plaintiff/appellee objected to a continuance, but the trial court simply ordered the trial postponed for one week. Two days into the trial, MARTA's attorney became ill again, and the court declared a twenty-four-hour recess to allow the other attorney to prepare for trial. According to the record, no formal motion for a continuance was made at this time. See *Bryan v. Fed. Express Corp.*, 180 Ga. App. 163 (348 SE2d 705) (1986). *Adams v. Hill*, 177 Ga. App. 492 (340 SE2d 27) (1986). Moreover, there has been no showing of prejudice to appellant by the denial of a continuance, in that the attorney who finished trying the case was already familiar with it, having been present in the courtroom on the two days during which his assistant had conducted the trial, and having attended all but one of the depositions taken in preparation for trial. It is axiomatic that, even if error be found during the proceedings in the trial court, it must be demonstrated that the error was harmful in order to warrant reversal of the judgment. *Jackson v. Kight & Sons*, 159 Ga. 584 (126 SE 379) (1924).

We find no merit in this enumeration.

*Judgment affirmed. Sognier, J., concurs. Carley, J., concurs in Divisions 1 and 2 and in the judgment.*

Decided June 7, 1988 —
Rehearing denied June 23, 1988.

Eve A. Appelbaum, Michael E. Fisher, Daniel P. Johnson, for appellant.

Robert A. Falanga, Jesse E. Barrow III, for appellee.