A89A0511. ARMSTRONG et al. v. CALIFORNIA FEDERAL SAVINGS & LOAN ASSOCIATION.
(385 SE2d 113)

CARLEY, Chief Judge.

Acting pursuant to the powers contained in deeds to secure debt, appellee-creditor conducted the foreclosure sales of some twenty-five parcels located in a single development. Appellee then sought orders of confirmation pursuant to OCGA § 44-14-161. After conducting a consolidated hearing, the superior court confirmed the sales and appellant-debtors appeal.

1. At the consolidated confirmation hearing, appellee produced a chart which contained information relative to the issue of the fair

market value of each parcel. Although the chart was never formally tendered as an exhibit by appellee, the superior court, at the conclusion of the hearing, expressly directed that the chart be submitted to it. In its order confirming the sales, the superior court indicated that it had given evidentiary consideration to this chart and, in giving such consideration to the untendered chart, appellants urge that the superior court erred. However, appellants' failure to object at the time the superior court directed that the chart be submitted to it constitutes a waiver of the formal tender and admission of the chart into evidence. See *Linch v. McNeil Real Estate Fund VI*, 146 Ga. App. 505, 507 (1) (246 SE2d 718) (1978).

2. Appellants enumerate the general grounds, urging that the facts as found by the superior court do not support its legal conclusions that confirmation was authorized.

" 'In confirmation proceedings, the [superior court] sits as a trier of fact, and [its] findings and conclusions have the effect of a jury verdict. [It] hears the evidence and [its] findings based upon conflicting evidence should not be disturbed by a reviewing court if there is any evidence to support them. [Cits.] What value is, or may have been, is a question of fact to be resolved as others are. In so doing, the [superior] court is the judge of the credibility of the witnesses and of the weight to be given the evidence. [Cits.]' [Cits.]" *Alexander v. Weems*, 157 Ga. App. 507, 508 (3) (277 SE2d 793) (1981). "Although [appellants present] a serious challenge to the means by which the creditor's expert arrived at his opinion as to value, the expert provided the court with the basis for his opinions. [As] it appears that his opinion [was] not based on sheer speculation, an appellate court cannot second guess any methodology utilized to reach the opinion. [Cits.]" *Echols v. Edwards*, 185 Ga. App. 688, 690 (2) (365 SE2d 844) (1988). "The superior court . . . had sufficient data in evidence upon which [it] could apply [its] own knowledge and ideas so as to derive [its] own opinion as to the market value of the project at the time of the sale." *BPI Constr. Co. v. Collective Fed. Savings &c. Assn.*, 186 Ga. App. 324, 325 (367 SE2d 269) (1988). There being sufficient competent evidence to support the superior court's conclusion that, as to each parcel, the price brought at foreclosure was at least the true market of that parcel, the enumeration of the general grounds is without merit.

3. There was evidence that, prior to the institution of the confirmation proceedings, appellee had submitted tax forms to the Internal Revenue Service indicating that the fair market values of the parcels exceeded the amounts realized on the foreclosure sales. Based upon this evidence, appellants enumerate as error the superior court's failure to conclude that appellee was estopped to assert that the foreclosure sales prices represented at least the true market values of the

parcels.

Estoppel was not pled by appellants and, therefore, there is considerable doubt whether that affirmative defense was even a viable issue in the confirmation proceedings. See generally *Hansford v. Robinson*, 255 Ga. 530 (1) (340 SE2d 614) (1986); *Macon Chrysler-Plymouth v. Sentell*, 179 Ga. App. 754 (347 SE2d 639) (1986). However, assuming without deciding that it was, " '[w]here the facts relied on to establish the estoppel do not unequivocally show an estoppel in pais, the [trior of fact] should determine whether the facts constitute such an estoppel.' [Cits.]" *Calhoun v. Williamson*, 76 Ga. App. 91, 93 (2) (45 SE2d 87) (1947). In the present case, there was no evidence which demanded a finding that any representations made to the Internal Revenue Service were the result of appellee's intentional deception or gross negligence. "In order for an estoppel to arise, there must generally be some intended deception, or gross negligence amounting to constructive fraud by which another is misled to his injury. [Cit.]" *Tybrisa Co. v. Tybeeland, Inc.*, 220 Ga. 442, 446 (139 SE2d 302) (1964). Likewise, there was no evidence that, as the result of the representations made on the tax forms, appellee secured any advantage or appellants suffered injury. "The doctrine of estoppel does not obtain unless there be injury to one party or advantage to the other, resulting from the acts or declarations of the person to be estopped." *Goodwyn v. Goodwyn*, 20 Ga. 600 (9) (1856). Since the evidence did not demand a finding of estoppel, the superior court, sitting as the trior of fact, did not err in failing to resolve that issue in appellants' favor.

4. Remaining enumerations of error, not otherwise specifically addressed, have been considered and found to be without merit.

*Judgments affirmed. Sognier and Beasley, JJ., concur. McMurray, P. J., disqualified.*

DECIDED JULY 11, 1989 —
REHEARING DENIED JULY 27, 1989.

*Raiford, Dixon & Thackston, Tyler C. Dixon, Janet Litt, William G. Posey*, for appellants.

*Alston & Bird, William H. Hughes, Jr., Richard R. Hays*, for appellee.