A89A1701. GUTHRIE et ux. v. BANK SOUTH, DOUGLAS.
(393 SE2d 60)

BEASLEY, Judge.

Mr. and Mrs. Guthrie appeal the confirmation of sale by power of real property owned by them.

On June 2, 1986, Mr. Guthrie executed a Deed to Secure Debt to The Exchange Bank, securing a debt of $96,184.35. On September 28, 1987, Mr. and Mrs. Guthrie both signed a "Promissory Note, Disclosure Statement and Security Agreement" with Bank South, Douglas.

The body of that document reflects as collateral "Deed to Secure Debt to Bank South, Douglas dated 6/2/86" and describing the subject property.

The property, which included a building which was used as the Rib Shack restaurant, was purchased in 1980 for $125,000. It was purchased by Bank South for $75,000 at the sale conducted pursuant to OCGA § 44-14-161 in December 1988.

1. The hearing was begun in February 1989, with the Bank relying solely on the testimony of one of its loan officers on the subject of value. After hearing this evidence, the trial court *sua sponte* continued the hearing to the beginning of April for the bank to get an independent appraisal, which the court wanted for its consideration. The bank had urged that the property significantly lost value since its purchase, due to deterioration. No objection was made to the continuance until the testimony of the appraiser was offered at the April hearing.

The grant or denial of a continuance, even on the court's own motion, is a matter of discretion for the trial court. *Patterson v. Lanham*, 182 Ga. App. 343, 344 (1) (355 SE2d 738) (1987); *MARTA v. Partridge*, 187 Ga. App. 637, 638 (3) (371 SE2d 185) (1988) (physical precedent); cf. *Village Creations v. Crawfordville Enterprises*, 232 Ga. 131, 132 (206 SE2d 3) (1974); *Simmerson v. Blanks*, 183 Ga. App. 863, 864 (360 SE2d 422) (1987). It is too late to object to a continuance after it has been accomplished and the purpose for it has been fulfilled. See *Abernethy v. Cates*, 182 Ga. App. 456, 460 (8) (356 SE2d 62) (1987).

The court did not abuse its discretion in providing the relatively short delay so as to be better informed about the value of the property when it issued its order. It was not satisfied with the testimony concerning foreclosure date value which was offered by the bank, and the statute states that "[t]he court shall require evidence to show the true market value. . . ." Appellants claimed no harm at the time they

complained of the continuance. While the opposing party's loss of time and the expense of attending two hearings are no small factors to be taken into account when contemplating a continuance, the court has a responsibility to achieve a just result on the merits when possible. The court was aware that there was a significant disparity between several earlier appraisals and the purchase price sought to be confirmed, and the court did not exceed its authority in continuing the hearing for another appraisal. *Patterson,* supra. This is true even though the court did not condition the continuance on the Bank's payment of the Guthries' costs occasioned by it.

2. Enumerations 4 & 5 deal with the alleged failure of Bank South to prove it was entitled to foreclose pursuant to the Deed to Secure Debt issued by Mr. Guthrie to The Exchange Bank.

Appellants urged that Bank South had failed to prove that the Deed had been assigned to it by The Exchange Bank or that there was any connection between the two.

The Deed contained an "open end" or "dragnet" clause which provided that the deed would also secure any future advances, additional loans or renewals "made or granted by the party of the second part [The Exchange Bank] to or for the party of the first part." Such clauses are limited to debts arising ex contractu between the original parties to the security instrument. OCGA § 44-14-1; *Willis v. Rabun County Bank,* 249 Ga. 493 (291 SE2d 715) (1982). A merged bank is considered an original party to the security instruments of its constituent banks. They do not lose their existences in the merger, merely their identities. OCGA § 44-14-1 (a); *Georgia R. Bank &c. Co. v. Mc-Cullough,* 241 Ga. 456 (246 SE2d 313) (1978). While it is stated in Bank South's brief that it was merged with The Exchange Bank, this does not appear in the record and cannot be considered. *Johnson v. Shield Ins. Co.,* 189 Ga. App. 333, 334 (375 SE2d 510) (1988).

Appellants, however, failed to comply with OCGA § 9-11-9 (a), which requires specific negative averment to raise the issue of the capacity or authority of a party to bring an action. The only allusion to improper capacity or authority was made during closing arguments at the conclusion of the second hearing. Even if this were a proper issue for a confirmation proceeding, this was untimely and the issue was waived. OCGA § 9-11-81; *Adams v. Cato,* 175 Ga. App. 28 (332 SE2d 355) (1985); *Patterson v. Duron Paints of Ga.,* 144 Ga. App. 123 (1) (240 SE2d 603) (1977).

3. Appellants also contend that the foreclosure was improper under OCGA § 48-6-77 because additional intangible taxes were not paid on the September 1987 note to Bank South. That section provides that failure to pay the tax "shall constitute a bar to . . . the exercise of any power of sale. . . ."

The note to Bank South was not for the advancing of additional

funds but rather for the refinancing of the original note, secured by the original deed to secure debt. Assuming, without deciding, that the tax was due on a refinancing pursuant to the original security instrument, the issue is not one which can be resolved in a confirmation proceeding. The power of sale referred to in OCGA § 48-6-77 had already been exercised.

"Appellants misperceive the purpose of a confirmation proceeding. 'The primary issue at a hearing for confirmation of a foreclosure sale under power, which is a condition precedent to an action for deficiency judgment, is a judicial ascertainment that the property brought at least its true market value on the foreclosure sale. (Cit.) The court must also pass on "the legality of the notice, advertisement and regularity of the sale." ' *Shantha v. West Ga. Nat. Bank*, 145 Ga. App. 712 (244 SE2d 643). '(T)he court's inquiry should go only to the value of the real estate on the date of sale, in the course of the examination to determine which the fairness of the technical procedures used may be examined, but only for the purpose of making sure that the sale was not chilled and the price was in fact market value.' *Walker v. Northeast Production Credit Assn.*, 148 Ga. App. 121, 122 (251 SE2d 92). Alleged defenses to the original debt such as the 'novation' asserted here 'are not relevant to the confirmation proceeding, even assuming any of the appellants had a meritorious defense to the prosecution of a deficiency judgment against them. . . . (T)he (confirmation) statute does not undertake to decide controversies between parties as to the amount of the debt, side agreements, or matters in defense of default or in denial of indebtedness, or which might have been the basis of an injunction preventing the foreclosure sale.' *Harris & Tilley, Inc. v. First Nat. Bank*, 157 Ga. App. 88, 91 (276 SE2d 137); accord *Jones v. Hamilton Mtg. Corp.*, 140 Ga. App. 490, 491 (231 SE2d 491); *Scroggins v. Harper*, [138 Ga. App. 783, 785 (227 SE2d 513) (1976)]." *Shingler v. Coastal Plain &c. Assn.*, 180 Ga. App. 539, 541 (2 b) (349 SE2d 785) (1986). (Indention omitted.)

4. The first two enumerations are that Bank South failed to prove the property was sold for its true market value and that the testimony of the bank's appraiser should not have been allowed because it was based on speculation and not supported by factual data.

The only objection made to the testimony of the bank's appraiser at the hearing was a motion to strike his testimony after he testified both on direct and cross and the bank had rested its case. The objection was that an insufficient foundation had been laid to show that the comparable sales used for the opinion were in fact comparable. Additional grounds will not be considered. *Long v. Marion*, 182 Ga. App. 361, 362 (1) (355 SE2d 711) (1987), aff'd 257 Ga. 431, 432 (1) (360 SE2d 255) (1987).

The purpose of a motion to strike is not to excise testimony al-

lowed in without contemporaneous objection. The stated purpose of OCGA § 9-11-12 (f) is only to strike from pleadings any insufficient defense, redundant, immaterial, impertinent, or scandalous matter.

" ' "In this state it is necessary to object to evidence at the time it is actually offered, and failure to do so amounts to a waiver of any objection which [the party] might have had. [Cits.]" [Cit.]' [Cit.]" *Hall County Mem. Park v. Baker*, 145 Ga. App. 296, 298 (4) (243 SE2d 689) (1978).

As to the alleged failure of proof that the property brought at least its true market value, " ' "[i]n confirmation proceedings, the (superior court) sits as a trier of fact, and (its) findings and conclusions have the effect of a jury verdict. (It) hears the evidence and (its) findings based upon conflicting evidence should not be disturbed by a reviewing court if there is any evidence to support them. (Cits.) What value is, or may have been, is a question of fact to be resolved as others are. In so doing, the (superior) court is the judge of the credibility of the witnesses and of the weight to be given the evidence. (Cits.)" (Cits.)' *Alexander v. Weens*, 157 Ga. App. 507, 508 (3) (277 SE2d 793) (1981). 'Although (appellants present) a serious challenge to the means by which the creditor's expert arrived at his opinion as to value, the expert provided the court with the basis for his opinions. (As) it appears that his opinion (was) not based on sheer speculation, an appellate court cannot second guess any methodology utilized to reach the opinion. [Cits.]' *Echols v. Edwards*, 185 Ga. App. 688, 690 (2) (365 SE2d 844) (1988). 'The superior court . . . had sufficient data in evidence upon which (it) could apply (its) own knowledge and ideas so as to derive (its) own opinion as to the market value of the [property] at the time of the sale.' *BPI Constr. Co. v. Collective Fed. Savings &c. Assn.*, 186 Ga. App. 324, 325 (367 SE2d 269) (1988)." *Armstrong v. Cal. Fed. &c. Assn.*, 192 Ga. App. 508, 509 (2) (385 SE2d 113) (1989).

*Judgment affirmed. Carley, C. J., and McMurray, P. J., concur specially.*

CARLEY, Chief Judge, concurring specially.

I agree with the result reached by the majority in this case and I concur fully in all that is said in Divisions 1, 3 and 4 of the majority opinion. However, with regard to Division 2, I cannot join the majority's reliance upon OCGA § 9-11-9 (a) because I do not believe that the provisions of the Civil Practice Act are fully applicable to confirmation proceedings. "The confirmation required by [OCGA § 44-14-161] is not a civil case. . . . 'It is not an action in personam, because no personal judgment is recovered. Strictly speaking, it is not an action in rem, because it does not adjudicate . . . title. . . .' [Cit.]" *Wall v. Fed. Land Bank of Columbia*, 240 Ga. 236, 237 (240 SE2d 76)

(1977).

In my opinion, appellants' enumeration based upon the contention that Bank South failed to prove that the original deed to secure debt had been assigned to it by the Exchange Bank is simply "not relevant to the confirmation proceeding, even assuming any of the appellants had a meritorious defense to the prosecution of a deficiency judgment against them. The confirmation proceeding is a statutory proceeding which by law determines only that the sale was properly advertised and brought the fair market value of the land. . . . The duty of the trial court is to test the fairness of the technical procedure of the actual sale and to insure that it brought at least the true market value; the statute does not undertake to decide controversies . . . which might have been the basis of an injunction preventing the foreclosure sale. [Cits.]" *Harris & Tilley v. First Nat. Bank*, 157 Ga. App. 88, 91 (276 SE2d 137) (1981). OCGA § 44-14-161 places the responsibility for commencement of the confirmation proceeding upon the "person instituting the foreclosure proceedings." Appellee here was the entity "instituting the foreclosure proceedings" and it is uncontroverted that the advertisement and sale were regular and technically correct. Accordingly, appellants' contention concerning the lack of proof of assignment of the security deed to appellee is not something that can be considered within the confines of this confirmation proceeding.

I am authorized to state that Presiding Judge McMurray joins in this special concurrence.

DECIDED MARCH 16, 1990 —
REHEARING DENIED MARCH 28, 1990 — ▮▮▮▮▮▮▮▮

*Hudson & Solomon, James D. Hudson*, for appellants.
*C. Jerome Adams*, for appellee.