**In re Richard Wilder LITTLETON,**
**Debtor.**

**UNITED STATES of America By and Through its agency the INTERNAL REVENUE SERVICE, Movant,**

v.

**GEORGIA BANK & TRUST COMPANY, Respondent.**

**Bankruptcy No. 93–11395.**

United States Bankruptcy Court,
S.D. Georgia,
Augusta Division.

Feb. 3, 1995.

Edmund A. Booth, Jr., First Asst. U.S. Atty., Augusta, GA, for movant.

Benjamin Kay, III, Augusta, GA, for debtor.

James D. Hyder, Jr., Paine, McElreath & Hyder, Augusta, GA, for respondent.

## AMENDED ORDER

JOHN S. DALIS, Bankruptcy Judge.

The debtor Richard Wilder Littleton applied for and received permission from this court to sell his residence free and clear of all liens with valid liens to attach to the proceeds. Such sale being consummated, notice was issued by this court July 26, 1994 for all persons claiming an interest in the proceeds of the sale to file claims asserting their lien status and briefs in support of such. The responses established a dispute between the United States of America through its agency the Internal Revenue Service ("IRS") and the Georgia Bank & Trust Company ("the Bank") as to the priority of their respective liens. It also appears that the debtor's ex-wife asserts a lien on the proceeds of this property, the extent, validity, priority and amount of such lien has not yet been decided, and which I do not consider here. Rather, at issue now is only the priority of the liens held by the IRS and the Bank with respect to the above-named debtor's share of the proceeds.[1] The liens in date order of filing are as follows:

4/6/90　1.　Loan of $45,600.00 by First Columbia Bank, evidenced by note and secured by deed to secure debt executed 3/26/90 and filed for record 4/6/90. The deed and note contain "open end" provisions to secure future indebtedness with the same collateral.

7/16/92　2.　IRS filed for record Notice of Federal Tax Lien.

9/29/92　3.　Loan of $18,817.98 by Georgia Bank & Trust Company of Augusta (now successor by merger to First Columbia Bank)[2], evidenced by note and secured by deed to secure debt executed 9/26/92 and filed for record 9/29/92.

11/30/92　4.　Loan of $15,200.00 by First Columbia Bank, secured under "open end" provisions of deed to secure debt in "1," above.

4/16/93　5.　Second filing for record by IRS of Notice of Federal Tax Lien.

6/16/93　6.　Third filing for record by IRS of Notice of Federal Tax Lien.

---

1. The parties agreed to resolve the dispute as to lien priority in this contested matter in the Chapter 11 case rather than in an adversary proceeding as required by Federal Rule of Bankruptcy Procedure 7001(2).

2. Under Official Code of Georgia Annotated § 44–14–1, which governs "open end" or "dragnet" clauses, such clauses are enforceable only by and against the original parties to a contract containing such clause, but paragraph (a) of this Georgia Code section and case law define an "original party" to include a successor by merger. *See, e.g. Georgia R.R. Bank & Trust Co. v. McCullough*, 241 Ga. 456, 246 S.E.2d 313 (1978).

The IRS and the Bank have agreed as between them to the priority of the debt represented in "1," above. The dispute arises over the contention of the Bank that its loans of September 23, 1992 and November 30, 1992 have a higher priority than the federal tax lien filed July 16, 1992, which the IRS in turn contends is entitled to higher priority than the subsequent extensions of credit by the Bank. I find that the federal tax lien filed July 16, 1992 is entitled to priority over the two later loans to the debtor now held by the Bank.

■■ The Bank argues that Official Code of Georgia Annotated (O.C.G.A.) § 44–14–1 authorizes "open end" or "dragnet" clauses such as used in the March 26, 1990 note and deed to secure debt. This argument is correct but inapposite: the question of the validity and priority of federal tax liens is a matter of federal, not state law. Since a federal tax lien is wholly a creature of federal law, the consequences of a lien that attaches to property interests, e.g., priority determinations, are matters of federal law. *Atlantic States Construction v. Hand, Arendall, et al.,* 892 F.2d 1530, 1534 (11th Cir.1990), citing *United States v. Rodgers,* 461 U.S. 677, 683, 103 S.Ct. 2132, 2137, 76 L.Ed.2d 236 (1983). Consequently, it is federal law which provides for the priority and validity of federal tax liens, and not Georgia law, which must be considered.

A federal tax lien attaches to a property interest under the Internal Revenue Code.

If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.

26 U.S.C.S. § 6321. In turn, § 6323 governs the validity and priority of the federal lien arising under § 6321, providing that,

The lien imposed by section 6321 shall not be valid as against any purchaser, holder of a security interest, mechanic's lienor, or judgment lien creditor until notice thereof which meets the requirements of subsection (f) has been filed by the Secretary. 26 U.S.C.S. § 6323(a). It is undisputed that the IRS filed sufficient notice of the federal tax lien on July 16, 1992 to satisfy the requirements of subsection (f). The next issue requiring resolution is, were the security interests held by the Bank "in existence" as defined under federal law, on July 16, 1992, the date of filing of the notice of federal tax lien, so as to take priority over the federal tax lien under § 6323(a)?

■ The security interest held pursuant to the September 26, 1992 note and security deed was not created until after the filing of the notice of federal tax lien. Although this loan was secured by the same real estate as the March 26, 1990 note and security deed, it was not secured by the "open end" clause of the March 26, 1990 note and security deed but rather by a new and separate security deed executed simultaneously with the loan. This loan was made by Georgia Bank & Trust Company of Augusta. No evidence has been offered establishing the date of merger between Georgia Bank & Trust Company of Augusta and First Columbia Bank, only the statement in the brief of the Bank: "Georgia Bank & Trust Company, now successor by merger to First Columbia Bank, . . . ." Apparently, the merger took place following the September 26, 1992 loan. Although Georgia law provides at O.C.G.A. § 44–14–1(a) that the term "original party" includes merged banks, *see,* footnote 1 supra, a merger following the loan such as was made here by Georgia Bank & Trust Company will not operate to secure that loan with the open end provisions of an earlier instrument granted to First Columbia Bank. Georgia Bank & Trust Company cannot use the later merger to retroactively secure a loan it has already made. There exists no basis under state or federal case law for granting this security interest a priority higher than that of the IRS for its tax lien filed July 16, 1992. Accordingly I find that the IRS has a higher priority than the Bank has as holder of this security interest.

■ Remaining for resolution is whether the security interest held as a result of the November 30, 1992 extension of credit, which

was secured under the "open end" provisions of the March 26, 1990 security deed, is entitled to a higher priority than the tax lien effective July 16, 1992. The Bank's argument for higher priority is based on a relation back theory: although made after the notice of tax lien was filed, the loan was secured under the "open end" provisions of the earlier security agreement, which preceded the tax lien filing by over two years. This argument asserts, in essence, that the "open end" clause of the deed to secure debt extends to the Bank a lien over the entire equity of the property pledged which may not be cut off by liens arising between the time of execution of such a security instrument and the time of future advances made under such a clause. This assertion is incorrect as to federal tax liens under federal law.

It is undisputed that the security interest held by the Bank pursuant to the March 26, 1990 note and deed to secure debt was a security interest in existence at the time of the filing of the federal tax lien for purposes of the tax lien statutes; but the Bank's security interest extended only to the then outstanding amount of the loan. The tax lien statute defines what is meant by a "security interest":

> The term "security interest" means any interest in property acquired by contract for the purpose of securing payment or performance of an obligation or indemnifying against loss or liability. A security interest exists at any time (A) if, at such time, the property is in existence and the interest has become protected under local law against a subsequent judgment lien arising out of an unsecured obligation, and (B) to the extent that, at such time, the holder has parted with money or money's worth.

26 U.S.C.S. § 6323(h)(1). The four-part test of *Atlantic States v. Hand, Arendall, et al., supra,* is urged on this court by both the Bank and the IRS. *Atlantic States* interprets the definition of a security interest under § 6323(h)(1) to require four elements:

> (1) the security interest was acquired by contract for the purpose of securing payment or performance of an obligation or indemnifying against loss;
> (2) the property to which the security interest was to attach was in existence at the time the tax lien was filed;
> (3) the security interest was, at the time of the tax lien filing, protected under state law against a judgment lien arising out of an unsecured obligation; and
> (4) the holder of the security interest parted with money or money's worth.

*Id.* These requirements are satisfied with regard to the note and security deed executed March 26, 1990, but not with regard to the November 30, 1992 advance secured by the "open end" clause of the March 26, 1990 security deed. The advance was not and could not be secured until the advance was actually made, that is, until money was loaned. Not only was there no security interest under the "open end" clause which could be protected from a subsequent judgment lien in satisfaction of the third requirement of *Atlantic States,* but also, the holder of a security interest under the clause had not yet parted with money or money's worth as *Atlantic States* and the statute clearly require. The security interest could secure only the then-outstanding balance of the loan. *See United States v. Christensen,* 269 F.2d 624, 626 (9th Cir.1959) (lien of a prior mortgagee is limited to the amount of the lien at time notices of federal tax liens were filed and a federal tax lien is paramount to any advances made subsequent to such notice)[3].

---

**3.** The *Christensen* court relied on provisions of the 1939 Internal Revenue Code which are essentially identical to the provisions quoted, *supra.* In particular, the court relied on 26 U.S.C.A. § 3672, providing "Such lien shall not be valid as against any mortgagee, pledgee, purchaser, or judgment creditor until notice thereof has been filed by the collector," effectively very similar to 26 U.S.C.S. § 6323(a), *supra. Christensen* also relied upon former 26 U.S.C.A. § 3670, which provided,

> If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, penalty, additional amount, or addition to such tax, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.

This provision is virtually identical to that of present § 6321, *supra.* The current Code sec-

The security interest held by the Bank securing the November 30, 1992 advance did not "exist" for purposes of the tax lien statute definition or under the *Atlantic States* test until November 30, 1992, four months after the notice of federal tax lien was filed. The tax lien has the higher priority.

Accordingly, it is hereby ORDERED that the tax lien of the IRS filed July 16, 1992 has priority over the lien held by the Bank by virtue of the note and deed to secure debt executed September 26, 1992 and the note executed November 30, 1992 and secured by the "open-end" provisions of the deed to secure debt executed March 26, 1990.

---

tions, very similar to the versions relied upon by the *Christensen* court, demand the same result today.