63770. DONEHOO v. PHILLIPS et al.

SOGNIER, Judge.

Donehoo sued Phillips and Espy for medical malpractice. Appellees filed a motion for summary judgment supported by their own affidavits as medical experts that the diagnosis and medical treatment furnished appellant met the standards generally exhibited by physicians engaged in the practice of obstetrics and gynecology.

In opposition to the motion, appellant filed her own affidavit setting forth the alleged negligence of the physicians. She also filed an affidavit by her attorney setting forth the reason for not filing an affidavit of a medical expert as to the alleged negligence of appellees. This latter affidavit stated that a physician who had agreed to furnish an affidavit controverting appellees' affidavit withdrew five days prior to the summary judgment hearing and refused to furnish such an affidavit. The attorney's affidavit further stated that he had relied upon the agreement of this physician to testify and that he had too little time left prior to the hearing to obtain an affidavit to controvert appellees' affidavit since it would be necessary for appellant to locate another expert.

Accordingly, appellant moved for a continuance of the hearing on the motion for summary judgment for the purpose of obtaining an affidavit by a medical expert. Appellant's motion for continuance was denied and the trial court granted appellees' motion for summary judgment.

1. Appellant contends the trial court erred in failing to grant a continuance. Code Ann. § 81A-156 (f) provides: "(f) When affidavits are unavailable.

"Should it appear from the affidavits of a party opposing the

motion that he cannot for reasons stated present by affidavits facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just."

We have held "[t]he grant or denial of a continuance is a matter within the discretion of the trial judge and unless clearly abused will not be interfered with. *Smith v. Davis,* 121 Ga. App. 704, 705 (175 SE2d 28). This applies in summary judgment proceedings. Code Ann. § 81A-156 (f)." *Calcutta Apts. v. Linden & Deutsch,* 131 Ga. App. 743, 744 (206 SE2d 559) (1974). As noted by the trial court, this is the second filing of this action; the first was voluntarily dismissed after defendants (appellees) filed a motion for summary judgment; and appellant had three years from the filing of her first action to obtain medical testimony. We find no abuse of discretion in the trial court's denial of appellant's motion for continuance.

2. Appellant also contends that the trial court erred in granting summary judgment where there were questions of fact remaining regarding actionable negligence. We do not agree. This is not a case where actionable negligence clearly appears from other evidence not requiring an expert's opinion to show negligence. *Shea v. Phillips,* 213 Ga. 269, 271 (98 SE2d 552) (1957). To controvert an affidavit by medical experts as to compliance with the standard of care of physicians, a respondent (plaintiff) on summary judgment must timely file an opposing affidavit of a medical expert. This was not done in the instant case. There are no questions of fact for a jury to decide. *Parker v. Knight,* 245 Ga. 782 (267 SE2d 222) (1980). Summary judgment in favor of appellees was correct.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED JUNE 22, 1982.

*Graydon W. Florence, Jr.,* for appellant.
*Joseph C. Parker, Robert H. Cleveland,* for appellees.