0220

Stephen Paul SHEPPARD, Appellant, v. Edward S. KIMBROUGH, M.D., and
Kathy Entzminger, R.N., Respondents.

(318 S. E. (2d) 573)

Court of Appeals

*O. Fayrell Furr, Jr.*, and *Charles L. Henshaw, Jr.*, Columbia, and *J. Alan Bass*, Myrtle Beach, *for appellant.*

*Donald V. Richardson, III, Charles E. Carpenter, Jr.*, and *Steven M. Anastasion*, Columbia, *for respondents.*

Heard April 25, 1984.

Decided July 23, 1984.

GOOLSBY, Judge:

Stephen Paul Sheppard appeals from an order denying his motion to vacate judgment and granting motions by the respondents Edward S. Kimbrough, M.D., and Kathy Entzminger, R.N., for summary judgment in an action for medical malpractice. The issues we address in this opinion concern the failure by Sheppard to include an exception relating to the denial of his motion to vacate judgment, the adoption by the trial judge of another circuit judge's order when granting summary judgment, the denial of Sheppard's motion for a continuance, and the support for Entzminger's motion for summary judgment. We affirm.

Sheppard filed a medical malpractice action against Kimbrough and Entzminger in 1979. The case was voluntarily nonsuited two years later, but only after each party's deposition was taken. Shortly afterward, on April 4, 1981, and proceeding *pro se*, Sheppard reinstituted another action against Kimbrough and Entzminger by the service of a summons only. A complaint virtually identical to the complaint in the prior action was served upon both defendants on April 23, 1981. Both defendants answered the complaint.

Thereafter, on April 28, 1981, Kimbrough filed a motion for summary judgment. A hearing on Kimbrough's motion was conducted before The Honorable Robert H. Cureton, Special Circuit Judge, on June 2, 1981. Sheppard failed to appear at the hearing. Three days later, on June 5, 1981, Judge Cureton granted Kimbrough summary judgment and dismissed Sheppard's complaint as to Kimbrough. Judge Cureton's order was followed on June 15, 1981, with a motion by Entzminger for summary judgment. Sheppard did not appeal Judge Cureton's

order; rather, he moved on June 18, 1981, to vacate the order claiming he lacked notice of the June 2, 1981 hearing.

The Honorable Robert H. Burnside, Special Circuit Judge, held a hearing on July 7, 1981, upon Sheppard's motion to vacate Judge Cureton's order. Again, Sheppard failed to appear. On July 10, 1981, Judge Burnside dismissed Sheppard's motion to vacate; however, Sheppard was allowed ten days from the date of Judge Burnside's order to renew the motion to vacate. Seven days later, Sheppard again moved to vacate Judge Cureton's order asserting that he received neither notice of the June 2, 1981 hearing conducted by Judge Cureton nor notice of the July 7, 1981 hearing conducted by Judge Burnside.

The Honorable Luke N. Brown, Circuit Judge, held a hearing on August 5, 1981, on Sheppard's motion to vacate. This time, Sheppard was represented by counsel. At the hearing, Judge Brown heard both Kimbrough and Entzminger upon their respective motions for summary judgment after he denied Sheppard's request for additional time to secure affidavits in opposition to the motions for summary judgment. So far as we can tell, no one produced any affidavits either in support of or in opposition to either motion for summary judgment; however, the depositions of the parties taken in the prior action were part of the record before the court.[1]

In an order dated August 24, 1981, Judge Brown denied Sheppard's motion to vacate. He also granted both motions for summary judgment. In doing so, Judge Brown adopted "the reasons set forth in" Judge Cureton's order dated June 5, 1981, although Entzminger's motion was filed ten days after entry of Judge Cureton's order.

## A. Appeal as to Kimbrough

The principal question involved with Sheppard's appeal of the order granting summary judgment to Kimbrough relates

---

[1] In the statement of the case, the following appears:

At the hearing before Judge Brown, the Plaintiff did not produce evidence by way of affidavits in opposition to Defendants' Motions for Summary Judgment. The depositions of all parties to this action had been taken and were a part of the record before the Court.

to Sheppard's failure to appeal the denial of his motion to vacate judgment.

Sheppard offered five exceptions to Judge Brown's order. Four pertain to Kimbrough. Each of the four exceptions assigns an error to that portion of Judge Brown's order granting Kimbrough summary judgment. No exception is taken by Sheppard, however, to that portion of Judge Brown's order denying his motion to vacate the summary judgment granted Kimbrough by Judge Cureton's earlier order.

Because Judge Brown did not have the power to review, affirm, reverse, or modify Judge Cureton's order granting Kimbrough summary judgment [*Tisdale v. American Life Ins. Co.*, 216 S. C. 10, 56 S. E. (2d) 580 (1949); *Middleton v. Denmark Ice & Fuel Co.*, 97 S. C. 457, 81 S. E. 157 (1914)] without first vacating the judgment in Kimbrough's favor, the only motion properly considered by Judge Brown was Sheppard's motion to vacate the judgment [*see* S. C. Code of Laws § 15-27-130 (1976); 46 Am. Jur. (2d) *Judgments* §§ 679 *et seq.* at 830-952 (1969)]; and in the absence of a proper exception raising a question as to the correctness of Judge Brown's order denying his motion to vacate the judgment, we cannot consider whether Judge Brown committed error in denying it. *See Cooper Tire and Rubber Co. v. Perry*, 261 S. C. 538, 201 S. E. (2d) 245 (1973) (in the absence of a proper exception, question of whether earlier orders by another judge reached correct conclusion could not be considered on appeal); *Pudigon v. Goblet*, 24 S. C. 476 (1886) (appeal taken from an order refusing defendant's motion to vacate a judgment by default warranted dismissal of an appeal where no exception filed designating any specific error in order appealed from).

We need not reach, then, the issue concerning whether Judge Brown erred in granting summary judgment in Kimbrough's favor. Because Judge Brown did not set aside Judge Cureton's order granting Kimbrough summary judgment, the entertainment by Judge Brown of Kimbrough's motion for summary judgment was superfluous. Even if Judge Brown committed error in granting Kimbrough summary judgment, "it would be idle to remand the case" for that reason since an unappealed from and unvacated judgment in Kimbrough's favor, that given earlier by Judge Cureton, re-

mains outstanding. *Cathcart v. Hopkins,* 119 S. C. 190, 212, 112 S. E. 64, 71 (1922); 5B C. J. S. *Appeal and Error* § 1852 at 290 (1958).

We therefore affirm the judgment insofar as it relates to Kimbrough.

## B. Appeal as to Entzminger

Sheppard directs several exceptions to the granting of summary judgment by Judge Brown to Entzminger. He complains about (1) Judge Brown's basing his grant of summary judgment to Entzminger on Judge Cureton's order of June 5, 1981, "because ... Entzminger did not make a [m]otion for [s]ummary [j]udgment until June [15], 1981, and the merits of her [m]otion were not considered" at that time; (2) Judge Brown's not allowing him additional time within which to secure an affidavit in opposition to Entzminger's motion for summary judgment; (3) Judge Brown's granting Entzminger summary judgment "because [Sheppard did not] ... produce expert testimony that [Entzminger was] negligent in the administration of medical treatment and care to [Sheppard];" and (4) Judge Brown's granting Entzminger summary judgment "on the basis that the statute of limitations became a bar to the action after the action was commenced by [s]ummons [w]ithout [c]omplaint but before service of the [c]omplaint."[2]

### 1.

Sheppard objects to Judge Brown's granting summary judgment to Entzminger's based upon the reasoning employed by Judge Cureton in an earlier order granting summary judgment to Kimbrough. He maintains that Judge Brown improperly adopted the reasoning of Judge Cureton's order because Judge Cureton could not have considered the merits of Entzminger's motion for summary judgment since her motion came after Judge Cureton issued his order.

---

[2] Sheppard abandons the exception in which he maintains that Judge Brown erred in entertaining Entzminger's motion for summary judgment at the time of hearing Sheppard's motion to vacate because he was not notified "at least ten days before the time fixed for [the] hearing as required by Circuit Court Rule 44(c)" that Entzminger's motion for summary judgment would also be heard.

We cannot agree with Sheppard that the adoption by Judge Brown of the reasoning employed by Judge Cureton in an earlier order that did not discuss the merits of Entzminger's motion for summary judgment manifests that Judge Brown failed to give proper consideration to the record as it related to Entzminger when Judge Brown granted Entzminger's motion for summary judgment.

Judges often adopt the reasoning used by other judges in different cases involving similar factual situations. The mere fact that Judge Brown's opinion employs the reasoning of another judge does not cause the opinion to lose its character as Judge Brown's opinion since it clearly appears that the opinion adopted by Judge Brown is his own. *See* 20 Am. Jur. (2d) *Courts* § 71 at 435-36 (1965) ("Nor does an opinion lose its character as an opinion of the court merely by the fact that it has not been prepared by any member of the court, but has been drafted by one not a member of the court, provided the opinion has been adopted by the court as its own opinion").

Moreover, simply because the merits of Entzminger's motion were not considered by Judge Cureton does not make Judge Brown's action upon Entzminger's motion any less valid. What is important is whether Judge Brown considered the merits of Entzminger's motion and not whether Judge Cureton did so. Judge Brown's order plainly discloses that Entzminger moved for summary judgment in her favor on June 15, 1981, that she based her motion upon the discovery conducted in the prior case involving the parties, and that he heard the motion on August 5, 1981. He obviously felt, since he adopted the reasoning of Judge Cureton's order granting summary judgment to Kimbrough, that, as in the case of Kimbrough, "[t]he record is completely devoid of any evidence that [Entzminger] violated any standard of care in the treatment of [Sheppard]" and that the cause of action against Entzminger, like the cause of action against Kimbrough, was also barred by the statute of limitations. Clearly, the record shows that Judge Brown gave appropriate consideration to the merits of Entzminger's action.

2.

Sheppard takes exception to the trial court's failure to

afford him additional time within which to secure an affidavit in opposition to Entzminger's motion for summary judgment.

A trial court, in the exercise of its discretion, may deny a request for additional time to gather and submit affidavits upon a defendant's motion for summary judgment where the plaintiff had a reasonably full opportunity to produce them. 73 Am. Jur. (2d) *Summary Judgment* § 20 at 742 (1974); CIRCUIT COURT RULES, Rule 44(e). Unless the denial of a continuance clearly constitutes an abuse of discretion, the trial court's exercise of discretion will not be interfered with. *Edens v. Cole*, 261 S. C. 556, 201 S. E. (2d) 382 (1973).

Sheppard had over two years to obtain medical testimony since this is the second filing of this action, the first having been voluntarily nonsuited after discovery was undertaken by the parties. Sheppard also had fifty days from the filing of Entzminger's motion for summary judgment to obtain and serve an opposing affidavit showing the existence of an issue for trial, but he did not secure one.

The trial court did not err, then, in denying Sheppard's request for additional time within which to secure an opposing affidavit. *See Banco Nacional De Cuba v. Steckel*, 134 So. (2d) 23 (Fla. App. 1961) (trial court did not abuse discretion in denying motion for extension of time to file affidavits where defendant had seventy-seven days from the filing of motion for summary judgment to the date of hearing to file counter affidavits); *see also Donehoo v. Phillips*, 162 Ga. App. 671, 292 S. E. (2d) 542 (1982) (no abuse of discretion shown in denying motion for continuance to allow plaintiff patient time to obtain affidavit of medical expert where action brought once before and voluntarily dismissed and patient had three years from filing of first action to obtain an affidavit of a medical expert).

### 3.

Regarding Sheppard's exception to the trial court's grant of summary judgment to Entzminger upon the ground that Sheppard made no showing by expert testimony that Entzminger violated any standard of care in her treatment of him. Sheppard does not argue that expert testimony was not required in this instance to establish both the standard of care

and Entzminger's failure to conform to the required standard. *See Green v. Lilliewood*, 272 S. C. 186, 249 S. E. (2d) 910 (1978) and *Welch v. Whitaker*, 317 S. E. (2d) 758 (S. C. App. 1984) (cases indicating that in a medical malpractice action both the standard of care and the practitioner's failure to conform to the required standard must be established by expert testimony unless the situation is one in which the common knowledge or experience of laypersons is extensive enough to permit the recognition or inference of negligence from the particular facts). Rather, he argues that Entzminger's motion lacked evidentiary support and that he was therefore entitled to rest upon the mere allegations of his pleadings. We disagree.

Sheppard's complaint against Entzminger, a nurse, contained allegations that, after Sheppard was admitted to the hospital for a fractured tibia and his injured leg was placed in a cast, Entzminger failed to check Sheppard's leg for approximately three hours after her shift began, failed to inform Kimbrough of Sheppard's poor condition, failed to observe Sheppard's toes for signs of additional complications, and failed to inform Kimbrough regarding the condition of Sheppard's toes. Sheppard further alleged that at 7:45 a.m. on April 6, 1975, he felt numbness in his toes and at 8:30 p.m. the same day a blood clot was surgically removed from the tibial artery. Since then, Sheppard alleged, he has experienced peroneal palsy and ligament instability of the left knee and has undergone surgery to reconstruct his left knee. Entzminger's failures, Sheppard claimed, contributed to the proximate cause of his injuries.

As we indicated above, the depositions of the parties were part of the record before the trial court when it entertained Entzminger's motion for summary judgment. According to Entzminger's deposition, she went on duty at 11:00 p.m. on April 5, 1975; she understood from Kimbrough's orders she was to check Sheppard's toes every hour for "sensation, motion, and capillary filling;" she also understood she was to call Kimbrough or other physician if Sheppard's condition deviated either from the normal or from the condition that existed at the time Kimbrough last saw Sheppard; she checked Sheppard's toes every hour during her shift up until she went off duty at 7:00 a.m. on April 6, 1975; and at no time did she observe any swelling in his toes or any change in their condi-

tion. During Kimbrough's deposition, Sheppard's counsel asked him whether he knew of any criticism directed toward Entzminger. Kimbrough replied, "I don't know of any and I don't feel that any should be."

Obviously, Entzminger's and Kimbrough's depositions ██ provided evidentiary support for Entzminger's summary judgment motion. Because Entzminger's motion for summary judgment enjoyed proper support, Sheppard was not entitled to rely upon the bare allegations of his complaint. CIRCUIT COURT RULES, Rule 44(d). Sheppard should have filed an opposing affidavit by a medical expert that Entzminger failed to conform with the applicable standard of care required of nurses since this is not a case where actionable negligence could be established from other evidence not requiring an expert's opinion to show negligence. *See Donehoo v. Phillips, supra,* (patient required to timely file opposing affidavit of medical expert to controvert affidavits by physician as to compliance with standard of care of physicians). Summary judgment, therefore, was correctly entered in Entzminger's favor.

4.

Because we have upheld the granting of summary judgment to Entzminger on other grounds, we need not address the issue concerning whether the statute of limitations barred Sheppard's claim against Entzminger.

Accordingly, the judgment as to Entzminger is affirmed as well.

Affirmed.

GARDNER and CURETON, JJ., concur.