1576

B.W. KLIPPEL, Jr. and Suzanne Mason Klippel, Appellants v. MID-CAROLINA OIL, INC., A South Carolina Corporation; Happy Wildcat Oil Company, A Missouri Corporation; John Albert Watkins, Individually and as Agent for Russell Daywalt; Henry M. Sims, L.M. Jamison, Edward Lewis Carey, Rupert L. Thompson, Jr., James F. Connolly, John Martin, Betty Martin, Quiana Corporation, A Missouri Corporation; William A. Cleneay, Henry C. Colteryahn, Colbert Lais, Howard M. McCoy, John R. Hale, George Gamble, Shelby H. Curlee, and Richard Kallaus and Russell Daywalt, Henry M. Sims, L.M. Jamison, Edward Lewis Carey, Rupert L. Thompson, Jr., James F. Connolly, John Martin, Betty Martin, Quiana Corporation, A Missouri Corporation; William A. Cleneay, Henry C. Colteryahn, Colbert Lais, Howard M. McCoy, John R. Hale, George Gamble, Shelby H. Curlee, and Richard Kallaus, individually, Respondents.

(399 S.E. (2d) 163)

Court of Appeals

*Michael H. Montgomery* and *Frank S. Potts*, both of *Lide, Montgomery & Potts*, Columbia, *for appellants.*

*Hammond A. Beale* and *David Patten Cole*, of Columbia, and *W.E. Jenkinson, III*, of *Jenkinson & Jenkinson*, Kingstree, *for respondents.*

Heard Oct. 17, 1990.

Decided Nov. 26, 1990.

CURETON, Judge:

This is an appeal from an order granting summary judgment to certain of the respondents. The appellants, B.W. and Suzanne Klippel, sued the individual respondents (respondents) on the basis the respondents had previously employed John Watkins as their personal agent to institute a civil suit against the Klippels. The respondents in the instant action were stockholders of two corporations which sued the Klippels in the federal court; they were not parties to that suit.[1] The federal suit was resolved in favor of the Klippels. The complaint in the case *sub judice* alleges malicious prosecution, intentional infliction of emotional distress, and abuse of process. The respondents' motions for summary judgment were granted by the trial court. The Klippels appeal. We affirm.

The dispositive issue in this appeal is whether the Klippels made a sufficient response to the motions for summary judgment so as to avoid the entry of summary judgment against them.

The respondents filed affidavits in support of their motions for summary judgment. The affidavits denied John Watkins acted as their personal agent in the prior action. John Watkins also submitted an affidavit denying he acted as the personal agent for the respondents.

At the hearing on the motion, the Klippels attempted to introduce portions of a deposition of John Watkins taken in the federal suit. The respondents objected to the introduction of the deposition as "inappropriate and impermissible." The trial

---

[1] The Klippels contend the respondents prosecuted the federal suit in their individual capacities through their agent, Watkins. The respondents claim that as shareholders they simply authorized Watkins to bring the suit on behalf of the corporations.

court refused to admit the deposition on the ground the testimony was not relevant to the issue of piercing the corporate veil. The trial court's order granted summary judgment for the respondents finding the Klippels had failed to present evidence to defeat the motion under the theory of piercing the corporate veil. The court also noted the affidavits of the respondents denied a personal agency relationship with Watkins and the Klippels presented no affidavits or other evidence which contradicted those affidavits.

The Klippels assert the trial court erred in not considering the deposition testimony of Watkins because the court failed to understand their case was based upon agency principles, not the theory of piercing the corporate veil. They state in their brief they did not allege or submit evidence to pierce the corporate veil. In their brief, the respondents recognize agency was an issue but assert summary judgment was proper because the Klippels failed to present a genuine issue of material fact on the question of agency.[2] We agree.

Under Rule 56, SCRCP, when a party makes a motion for summary judgment and supports it by affidavits the adverse party may not rest on the allegations of his pleadings but must respond by affidavits or other evidence demonstrating a genuine issue of material fact. *Sheppard v. Kimbrough*, 282 S.C. 348, 318 S.E. (2d) 573 (Ct. App. 1984). The affidavits of

---

[2] While the parties stipulated in the Statement of the Case that the court "did not address the agency issue" we note the following finding from the order:

Plaintiffs have also asserted that the mere fact that the Non-resident and Resident Defendants owned shares and voted them, that Watkins thereby became their agent.

It is of course well established that the officers and directors of a corporation are not the agents of the stockholders, and that the stockholders are not chargeable with knowledge of the business transactions which it undertakes; that is to say, they have no duty as stockholders to inquire into the nature of the business or to influence the management, and of course they have no reason to suppose that the management will cause the corporation to engage an [sic] ultra vires acts.
*Id.*

At best, Watkins was an agent of the corporations, not the agent of the Non-resident and Resident Defendants.

We are not bound by a stipulation in the Statement of the Case when the record reflects differently. *See Ariail v. Ariail,* 295 S.C. 486, 369 S.E. (2d) 146 (Ct. App. 1988).

the respondents in this case denied an agency relationship with John Watkins. According to the Statement of the Case, the Klippels proffered to the trial court the deposition of Watkins "which contained testimony which was contradictory to the facts contained in the affidavit subsequently given by Watkins."[3] No further evidence was offered. Thus, the Klippels have not met their burden to present a genuine issue of material fact under Rule 56 unless they can show, first, the court erred in failing to consider the deposition and, second, the deposition itself created a question of fact concerning agency.

The primary argument by the respondents against the admission of the deposition was they were not parties to the federal court case and did not have an opportunity to cross-examine Watkins. This is technically correct. However, the affidavits submitted by the respondents in this litigation also were not subject to cross-examination by the Klippels. We see no distinction between this deposition statement and the submission by the Klippels of a counter-affidavit of Watkins in which he contradicted his other affidavit. The deposition submitted by the Klippels apparently met the personal knowledge requirement of Rule 56(e) and should have been considered. *See Hoover v. Switlik Parachute Co.*, 663 F. (2d) 964 (9th Cir. 1981) (depositions were equivalent of affidavits); *see also* 73 Am. Jur. (2d) *Summary Judgment* Section 32 (1974 and Supp.) (deposition may be held to constitute a sufficient affidavit in support of motion for summary judgment).

We elect, however, to sustain the trial court's ruling on another ground. *See* Supreme Court Rule 4, Section 8 (appellate court may sustain a trial court's ruling on any ground appearing in the record).[4] Here, even if we were to hold Watkins's statement of agency in his affidavit vis-a-vis his purported statements in his deposition created an evidentiary conflict, summary judgment was nevertheless appropriate. The law is clear in this state that statements made by an agent concerning the existence or extent of his authority are insufficient standing alone to establish agency. *Fuller v. East-*

---

[3] The parties obviously disagree as to the meaning of this stipulation.

[4] Currently located at Rule 220(c), SCACR, effective September 1, 1990.

*ern Fire & Casualty Ins. Co.*, 240 S.C. 75, 124 S.E. (2d) 602 (1962); *City of Greenville v. Washington American League Baseball Clubs*, 205 S.C. 495, 32 S.E. (2d) 777 (1945). There is no contention the deposition statements would contradict the other affidavits filed in the case by the respondents which denied Watkins's agency.

Because the Klippels presented no other affidavits or depositions which may have corroborated Watkins's purported claim of agency in his deposition, we hold as a matter of law the Klippels did not create a question of fact for trial.

Accordingly, the order of the trial court is affirmed.

Affirmed.

SHAW, J., and BRUCE LITTLEJOHN, Acting Associate Judge, concur.