SCREENING MEMORANDUM

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE 
 CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 
 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Amadou Diabate,       
Appellant,
 
 
 

v.

 
 
 
MUSC,       
Respondent.
 
 
 

Appeal From Charleston County
Thomas L. Hughston, Jr., Circuit Court 
 Judge

Unpublished Opinion No. 2004-UP-361
Submitted March 19, 2004  Filed June 
 4, 2004

AFFIRMED

 
 
 
Amadou Diabate, of North Charleston, Pro se.
Robert H. Hood, Robert H. Hood, Jr., Roy P. Maybank, and 
 Deborah Harrison Sheffield, all of Charleston, for Respondent.         
 
 
 

PER CURIAM:  Diabate appeals the trial courts 
 grant of summary judgment based on Diabates failure to provide expert testimony.  
 We affirm [1] pursuant to Rule 
 220, SCACR and the following authorities:  Sheppard v. Kimbrough, 282 
 S.C. 348, 356. 318 S.E.2d 573, 579 (Ct. App. 1984) (stating on a defendants 
 motion for summary judgment, there is usually no genuine issue of material fact 
 unless the plaintiff presents expert testimony on the standard of care and its 
 breach by the defendant); Henson v. International Paper Co., ___ S.C. 
 ___, ___, 594 S.E.2d 499, 503 (Ct. App. 2004) (Rule 208(b)(1)(B), SCACR requires 
 an appellants initial brief to contain a statement of each of the issues presented 
 for review.); State v. Dunbar, 356 S.C. 138, 142, 587 S.E.2d 691, 694 
 (2003) (No point will be considered which is not set forth in the statement 
 of issues on appeal."); Glasscock Inc., v. United States Fid. & 
 Guar. Co., 348 S.C. 76, 81, 557 S.E.2d 689, 691 (Ct. App. 2001) (finding 
 where an issue is not argued within the body of the brief but is only a short 
 conclusory statement, the issue is abandoned on appeal);  Fields v. Melrose 
 Ltd. Partnership, 312 S.C. 102, 106, 439 S.E.2d 283, 285 (Ct. App. 2003) 
 (stating issues on appeal which are not argued in the brief are deemed abandoned 
 and will not be considered by the appellate court); State v. Burton, 
 356 S.C. 259, 265, 589 S.E.2d 6, 9 n.5 (2003) (finding a pro se litigant 
 has full responsibility for complying with substantive and procedural requirements 
 of the law); Goodson v. American Bankers Ins. Co. of Fla., 295 S.C. 400, 
 403, 368 S.E.2d 687, 689 (Lack of familiarity with legal proceedings is unacceptable 
 and the court will not hold a layman to any lesser standard than is applied 
 to an attorney.). 
 AFFIRMED.
HOWARD, BEATTY, and KITTREDGE, JJ., concur.

 
 [1]   Because oral argument would not aid the court 
 in resolving the issues on appeal, we decide this case without oral argument 
 pursuant to Rule 215, SCACR.