THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 SAFE Federal
 Credit Union, Respondent,
 
 
 
 
 

v.

 
 
 
 
 Jefford Henry,
 Jr., Appellant.
 
 
 
 
 

Appeal From Lee County
 R. Ferrell Cothran, Jr., Circuit Court
Judge

Unpublished Opinion No. 2011-UP-230
Submitted May 1, 2011  Filed May 18, 2011    

AFFIRMED

 
 
 
 Jefford Henry, Jr., pro se, of
 Bishopville, for Appellant.
 Christy C. Jones, of Lexington, for
 Respondent.
 
 
 

PER CURIAM: Jefford
 Henry, Jr. appeals a trial court's grant of summary judgment to SAFE Federal
 Credit Union (SAFE) in two causes of action for recovery of an automobile and
 collection of an $8,371.20 balance on the related purchase-money loan.  Henry
 argues the trial court erred because (1) the trial court lacked subject matter
 jurisdiction; (2) the summary judgment affidavits offered by SAFE were
 inadmissible; and (3) he presented sufficient evidence to create a genuine
 issue of material fact regarding whether he satisfied the loan and SAFE retained
 an interest in the automobile.  We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities:
1. As to whether
 the trial court lacked subject matter jurisdiction: S.C. Const. art. V, § 11 (providing the circuit courts
 have "original jurisdiction" in civil cases where the legislature has not
 granted "exclusive jurisdiction" to "inferior
courts").
2. As to
 whether the summary judgment affidavits
 offered by SAFE were inadmissible: Holroyd v.
 Requa, 361 S.C. 43, 60, 603 S.E.2d 417, 426 (Ct. App. 2004) ("Failure to object to the introduction of evidence at the
 time the evidence is offered constitutes a waiver of the right to have the
 issue considered on appeal.") (citations
 omitted).
3. As to
 whether Henry presented sufficient evidence to create an issue of material
 fact: Bovain v. Canal Ins., 383 S.C. 100, 105, 678 S.E.2d 422, 424 (2009) ("[A]
 trial court may grant a motion for summary judgment if . . . there is
 no genuine issue as to any material fact and that the moving party is entitled
 to a judgment as a matter of law.") (internal quotation marks omitted); Klippel
 v. Mid-Carolina Oil, Inc., 303 S.C. 127, 129, 399 S.E.2d 163, 164 (Ct. App.
 1990) ("Under Rule 56, SCRCP, when a party makes a motion for summary
 judgment and supports it by affidavits the adverse party may not rest on the
 allegations of his pleadings but must respond by affidavits or other evidence
 demonstrating a genuine issue of material fact."); see also Higgins
 v. Med. Univ. of S.C., 326 S.C. 592, 599, 486 S.E.2d 269, 272 (Ct. App.
 1997) (holding the trial court ordinarily may not consider factual statements
 made during argument on the summary judgment issue) (citation omitted).  
AFFIRMED.
FEW,
 C.J., PIEPER and LOCKEMY, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.