**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

| | |
|---|---|
| HSBC Bank as Trustee, for the registered holders of Nomura Home Equity Home Loan, Inc. Asset-Backed Certificates, Series 2007-2, | Respondent, |
| v. | |
| Nathaniel McMickens, Glenda McMickens, and Robert Cooke, | Defendants, |
| Of whom Nathaniel McMickens and Glenda McMickens are the | Appellants. |

_____

| | |
|---|---|
| Robert Cooke, | Plaintiff, |
| v. | |
| Glenda McMickens, Nathaniel McMickens, and Mortgage Electronic Registration Systems, Inc. as nominee for Coastal Capital Corp., | Defendants. |

_____

Appeal From Chester County
Lamar H. Kelsey, III, Special Referee

Unpublished Opinion No. 2012-UP-417
Submitted June 1, 2012 – Filed July 11, 2012

**AFFIRMED**

Glenda and Nathaniel McMickens, of Chester, pro se.

H. Guyton Murrell, of Columbia, for Respondent.

**PER CURIAM:** Nathaniel and Glenda McMickens, pro se, appeal the special referee's order granting summary judgment in favor of HSBC Bank. We affirm.[1]

The McMickens argue the special referee erred in failing to sustain their objection to the admission of the proof of claim as evidence of the debt at the hearing. We disagree. Although the McMickens initially objected to the proof of claim, the McMickens agreed to its admission providing that HSBC Bank submitted an affidavit attesting that it was filed with the bankruptcy court. HSBC Bank submitted an affidavit and the McMickens did not file a Rule 59(e), SCRCP, motion challenging its admission. Therefore, we find this issue is not preserved for our review. See Wilder Corp. v. Wilke, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review."); I'On, L.L.C. v. Town of Mt. Pleasant, 338 S.C. 406, 422, 526 S.E.2d 716, 724 (2000) ("If the losing party has raised an issue in the lower court, but the court fails to rule upon it, the party must file a motion to alter or amend the judgment in order to preserve the issue for appellate review").

Moreover, we find the special referee did not err in granting HSBC Bank's summary judgment motion. Even in viewing the evidence in the light

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

most favorable to the McMickens, no genuine issue as to any material fact existed and HSBC bank was entitled to a judgment as a matter of law.  See Rule 56(c), SCRCP (providing summary judgment is appropriate when "no genuine issue as to any material fact" exists and "the moving party is entitled to a judgment as a matter of law");   see also Klippel v. Mid-Carolina Oil, Inc., 303 S.C. 127, 129, 399 S.E.2d 163, 164 (Ct. App. 1990) ("Under Rule 56, SCRCP, when a party makes a motion for summary judgment and supports it by affidavits the adverse party may not rest on the allegations of his pleadings but must respond by affidavits or other evidence demonstrating a genuine issue of material fact.").

**AFFIRMED.**

**FEW, C.J., and HUFF and PIEPER, JJ., concur.**