732 S.E.2d 198

John Christopher JOHNSON, Respondent,

v.

Reginald C. LLOYD, Chief, State Law Enforcement Division, and The State of South Carolina, Appellants.

Appellate Case No.2011–193227.

No. 5019.

Court of Appeals of South Carolina.

Heard June 6, 2012.
Decided Aug. 1, 2012.
Rehearing Denied Sept. 20, 2012.

Attorney General Alan M. Wilson, Chief Deputy Attorney General John W. McIntosh, Assistant Attorney General Geof-

frey K. Chambers, and Assistant Attorney General Jared Q. Libet, all of Columbia, for Appellants.

Elise F. Crosby, of Crosby Law Firm, LLC, of Georgetown, for Respondent.

WILLIAMS, J.

On appeal, Chief of State Law Enforcement Division, Reginald C. Lloyd, and the State of South Carolina (collectively, Appellants) argue the circuit court erred in finding John Christopher Johnson (Johnson) properly raised a claim for equitable relief and could be removed from the South Carolina Sex Offender Registry (the registry). Additionally, Appellants contend the circuit court erred in concluding they waived their right to assert equitable defenses and erred in concluding Appellants failed to prove an equitable defense. We reverse.

## FACTS/PROCEDURAL HISTORY

In May 2003, Johnson pled guilty to lewd act on a child under the age of sixteen in violation of Section 16–15–140 of the South Carolina Code (2003) (the lewd act statute).[1] Johnson was sentenced to ten years' imprisonment suspended upon the service of one hundred days and two years' probation. Johnson was also required to register as a sex offender pursuant to section 23–3–430(C)(11) (2007) (the registry statute).[2] Upon successful completion of his probationary sentence, Johnson learned the registry was not merely a condition of his probation, but that he was required to register as a sex offender for life.

In September 2009, Johnson brought a declaratory judgment action, alleging two causes of action and seeking to be

---

1.  S.C.Code Ann. § 16–15–140 (2003) ("It is unlawful for a person over the age of fourteen years to wilfully and lewdly commit or attempt a lewd or lascivious act upon or with the body, or its parts, of a child under the age of sixteen years, with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of the person or of the child.").

2.  Section 23–3–430(C)(11) (2007) provides, in pertinent part: "[A] person who has been convicted of, pled guilty or nolo contendere to, or been adjudicated delinquent for any of the following offenses shall be referred to as an offender . . . committing or attempting lewd act upon child under sixteen. . . ."

removed from the registry.[3]   In his complaint, Johnson argues the requirement that he register as a sex offender constitutes cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution.[4]   Johnson also challenges the requirement that he register, based on his conviction of the lewd act statute, as violating the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.[5]   Additionally, in his prayer for relief, Johnson requested the circuit court to "order [Appellants] to remove [Johnson's] name from the Sex Offender Registry and for such other and further relief as may be deemed appropriate."

After filing responsive pleadings, Appellants moved to dismiss Johnson's complaint.   On February 12, 2010, the circuit court entered an order denying Appellants' motion.   Johnson subsequently filed a motion for summary judgment, which was denied by the circuit court on June 1, 2010.   A bench trial was held on February 2, 2011, and the circuit court took the matter under advisement.   The circuit court issued its order on March 1, 2011, declining to grant Johnson relief on his constitutional challenges, but concluding Johnson is entitled to equitable "personal relief in his unique circumstance[ ]."  The circuit court further found that the legislative intent behind the registry was to protect the public from sexual offenders who may re-offend, and the circuit court concluded Johnson did not satisfy this criteria.   Appellants filed a motion to reconsider, which was denied.   This appeal followed.

## STANDARD OF REVIEW

"A declaratory judgment action is neither legal nor equitable, and therefore, the standard of review is determined by the nature of the underlying issue." *Auto Owners Ins. Co. v. Newman*, 385 S.C. 187, 191, 684 S.E.2d 541, 543 (2009)

---

3. Johnson did not appeal his guilty plea or file a post-conviction relief action.

4. The Eighth Amendment to the United States Constitution reads: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."

5. The Fourteenth Amendment to the United States Constitution provides, in pertinent part: "No State shall ... deny to any person within its jurisdiction the equal protection of the laws."

(citing *Colleton Cnty. Taxpayers Ass'n v. Sch. Dist. of Colleton Cnty.*, 371 S.C. 224, 231, 638 S.E.2d 685, 688 (2006)). Whether an individual must be placed on the sex offender registry is a question of law. *See generally Noisette v. Ismail,* 299 S.C. 243, 247, 384 S.E.2d 310, 312 (Ct.App.1989) ("Unless the cause of action and the relief sought in a declaratory judgment action are distinctly equitable, the action will be considered one at law."). When reviewing an action at law, our scope of review is limited to the correction of errors of law. *S.C. Dep't of Transp. v. Horry Cnty.*, 391 S.C. 76, 81, 705 S.E.2d 21, 24 (2011).

## LAW/ANALYSIS

### I. Equitable Relief

■ Appellants assert the circuit court erred in finding Johnson raised a claim for equitable relief. Specifically, Appellants contend Johnson's complaint only alleges two legal causes of action. We agree.

■ "The character of an action is determined by the main purpose of the complaint." *Jacobs v. Serv. Merch. Co., Inc.*, 297 S.C. 123, 127, 375 S.E.2d 1, 3 (Ct.App.1988) (internal citation omitted). An action which is essentially one at law is not converted into an equitable action because it is brought pursuant to the Uniform Declaratory Judgments Act. *See Legette v. Smith,* 226 S.C. 403, 415, 85 S.E.2d 576, 581 (1955). Moreover, "[w]hether an individual must be placed on the sex offender registry is a question of law." *Lozada v. S.C. Law Enforcement Div.*, 395 S.C. 509, 512, 719 S.E.2d 258, 259 (2011) (internal citation omitted).

■ Although Johnson alleges two causes of action challenging the constitutionality of the registry statute and the lewd act statute, he maintains his declaratory judgment action raises a claim for equitable relief. However, an appellate court is not bound by a party's characterization of the actions. *Klippel v. Mid–Carolina Oil, Inc.*, 303 S.C. 127, 129 n. 2, 399 S.E.2d 163, 164 n. 2 (Ct.App.1990) (internal citation omitted) (stating this court is not bound by a stipulation in the Statement of the Case when the record reflects differently). Notwithstanding Johnson's characterization of his complaint as equitable in nature, he sought a declaration from the circuit

court that two statutes were unconstitutional. Specifically, Johnson asked the circuit court to find the requirement he register as a sex offender for life "impermissibly cruel and unusual punishment under the Eighth Amendment." Additionally, Johnson asked the circuit court to declare the registry requirement's distinctions between criminal sexual conduct with a minor in the second degree [6] and the lewd act statute as "unconstitutionally violative of his constitutional rights." Johnson did not assert an additional cause of action seeking equitable relief. Rather, he is asking the circuit court to declare the relevant statutes unconstitutional, which is a question of law. *See Harkins v. Greenville Cnty.*, 340 S.C. 606, 621, 533 S.E.2d 886, 893 (2000) (holding an action for a declaratory judgment that a zoning ordinance is unconstitutional is an action at law).

On appeal, Johnson asserts language in his prayer for relief asking the circuit court to remove Johnson's name from the registry sufficiently raises an equitable cause of action. We disagree. Our courts have held that the "relief to be granted depends not upon that asked for in the prayer but it must be such as is warranted by some allegation contained in the pleadings." *Mortgage Loan Co. v. Townsend*, 156 S.C. 203, 226, 152 S.E. 878, 886 (1930); *see also Speizman v. Guill*, 202 S.C. 498, 515, 25 S.E.2d 731, 739 (1943) ("[I]f a complaint clearly states facts constituting only a legal cause of action and adds a prayer for equitable relief only ... the prayer must yield to the true character of the action as determined by the facts stated in the complaint."). Here, Johnson's complaint only asserts two legal causes of action. Accordingly, we conclude the circuit court erred in finding Johnson properly asserted a claim for equitable relief.

## II. Removal

■ Appellants also argue the circuit court erred in granting Johnson equitable relief by removing him from the registry. We agree.

■ "It is well known that equity follows the law." *Smith v. Barr*, 375 S.C. 157, 164, 650 S.E.2d 486, 490 (Ct.App.

6. *See* § 16–3–655(B)(2) (2003).

2007). While equitable relief is generally available when there is no adequate remedy at law, an adequate legal remedy may be provided by statute. *Santee Cooper Resort, Inc. v. S.C. Pub. Serv. Comm'n*, 298 S.C. 179, 185, 379 S.E.2d 119, 123 (1989). When providing an equitable remedy, the court may not ignore statutes, rules, and other precedent. *Lonchar v. Thomas*, 517 U.S. 314, 323, 116 S.Ct. 1293, 134 L.Ed.2d 440 (1996). Indeed, a "court's equitable powers must yield in the face of an unambiguously worded statute." *Santee Cooper*, 298 S.C. at 185, 379 S.E.2d at 123.

Here, the registry statute found in section 23–3–430 of the South Carolina Code (2007) provides several avenues for an individual to be removed from the registry. Section 23–3–430(E) provides that the

[South Carolina Law Enforcement Division] shall remove a person's name and any other information concerning that person from the sex offender registry immediately upon notification by the Attorney General that the person's adjudication, conviction, guilty plea, or plea of nolo contendere for an offense listed in subsection (C) was reversed, overturned, or vacated on appeal and a final judgment has been rendered.

In addition, section 23–3–430(F)(2) of the South Carolina Code (2007) states that an offender may be removed from the registry if he receives a pardon and "the pardon is based on a finding of not guilty specifically stated in the pardon." Finally, an offender may be removed from the registry if he receives a new trial following the discovery of new evidence and "a verdict of acquittal is returned at the new trial or entered with the state's consent." S.C.Code Ann. § 23–3–430(G) (2007).

There are several statutory methods in which Johnson can be removed from the registry; he simply does not qualify for them. Johnson failed to file an appeal or a post-conviction relief action, which could entitle him to relief under section 23–3–430(E). Moreover, Johnson has not been granted a pardon, nor has there been any newly-discovered evidence to warrant removing him from the registry. *See* § 23–3–430(F)(2) & (G). The General Assembly enacted an unambiguously worded statute that sets forth the legal remedies available to an

individual on the registry. Because the sex offender registry statute provides an adequate remedy for Johnson, it was error for the circuit court to fashion an equitable remedy in this case.[7]

## CONCLUSION

Accordingly, we reverse the circuit court's order removing Johnson from the registry for his conviction of a lewd act upon a child under sixteen.

**REVERSED.**

THOMAS and LOCKEMY, JJ., concur.

---

7. In light of our disposition herein, we decline to address the Appellants' remaining arguments. *See Futch v. McAllister Towing of Georgetown, Inc.,* 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (providing an appellate court need not address all issues on appeal when the disposition of one issue is dispositive).