757 S.E.2d 705

**John Christopher JOHNSON, Petitioner,**

v.

**Reginald C. LLOYD, Chief, State Law Enforcement Division, and The State of South Carolina, Respondents.**

Appellate Case No. 2012–213224.

No. 27383.

Supreme Court of South Carolina.

Submitted April 15, 2014.
Decided April 23, 2014.

Elise Freeman Crosby, of Crosby Law Firm, LLC, of Georgetown, for Petitioner.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, Assistant Attorney General Geoffrey K. Chambers, Assistant Attorney General Jared Q. Libet, and Assistant Attorney General Adam L Whitsett, all of Columbia, for Respondent.

PER CURIAM.

This matter is before this Court by way of a petition for a writ of certiorari seeking review of the Court of Appeals' decision in *Johnson v. Lloyd*, 399 S.C. 470, 732 S.E.2d 198 (Ct.App.2012). We grant the petition for a writ of certiorari, dispense with further briefing, and reverse the decision of the Court of Appeals.

Petitioner filed a petition for declaratory judgment seeking an order directing he be removed from the sex offender registry. In each cause of action in his complaint, petitioner asserted he was entitled to an order directing he be removed from the registry. At the declaratory judgment hearing, petitioner argued he was entitled to relief because the requirement that he register as a sex offender was unconstitutional, and he was entitled to the equitable relief of being removed from the registry. The State did not argue petitioner had not pled equitable relief or that he was not entitled to equitable relief. The trial court declined to grant petitioner relief on the constitutional claims, but concluded petitioner was entitled to equitable relief, finding "[u]nder the facts of the Plaintiff's case, the requirements of life long Sex Offender Registry is wildly disproportionate to the underlying conduct."

The State filed a Rule 59(e), SCRCP, Motion to Alter or Amend a Judgment, but did not raise the issue that petitioner failed to argue equitable relief and therefore was not entitled to equitable relief. Instead, the State acknowledged petitioner sought equitable relief at the time of the hearing, and argued the doctrines of laches and estoppel by acquiescence precluded petitioner from being eligible for such relief.

The Court of Appeals found the trial court erred in granting petitioner equitable relief and reversed the trial court's order.

We find the Court of Appeals erred in addressing the merits of this case, as the issue of whether petitioner was entitled to equitable relief was clearly not preserved for review.

"For an issue to be properly preserved it has to be raised and ruled on by the trial court." *State v. Stahlnecker*, 386 S.C. 609, 690 S.E.2d 565 (2010) (citing *State v. Wise*, 359 S.C. 14, 596 S.E.2d 475 (2004)). A party must file a Rule 59(e), SCRCP, motion to preserve an issue the trial court fails to rule on. *Elam v. S.C. Dep't of Transp.*, 361 S.C. 9, 602 S.E.2d 772 (2004). An issue not properly preserved cannot be raised for the first time on appeal. *State v. Hoffman*, 312 S.C. 386, 440 S.E.2d 869 (1994).

Because the State failed to argue that petitioner was not entitled to equitable relief until its brief to the Court of Appeals, the issue was not preserved for appellate review. We therefore reverse the Court of Appeals' opinion on preservation grounds.

**REVERSED.**

TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.