**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**


Jane Doe, as guardian for John Doe, Appellant,

v.

Boy Scout Troop 292, Spartanburg, SC; Palmetto Council of the Boy Scouts of America; St. Margaret's Episcopal Church; Shelby Culbreth; Jackie LaFontaine; Brandon Smith; Rob Green; Roy Cole; Bob Faulks; and Scott O'Neill, Respondents.

Appellate Case No. 2012-213521

―――――――――――――

Appeal From Spartanburg County
J. Derham Cole, Circuit Court Judge

―――――――――――――

Unpublished Opinion No. 2015-UP-139
Heard February 11, 2015 – Filed March 11, 2015

―――――――――――――

**AFFIRMED**

―――――――――――――

Gregg E. Meyers, of Jeff Anderson & Associates, P.A., of Saint Paul, Minnesota, for Appellant.

Allen Mattison Bogan and Miles Edward Coleman, both of Columbia, William Harrell Foster III, of Greenville, and G. Mark Phillips, of Charleston, all of Nelson Mullins Riley & Scarborough, LLP, for Respondents.

―――――――――――――

**PER CURIAM:** In this action for intentional infliction of emotional distress, Appellant Jane Doe, as guardian for John Doe, challenges the circuit court's order granting summary judgment to Respondents, Boy Scout Troop 292 (Troop 292), Palmetto Council of the Boy Scouts of America, St. Margaret's Episcopal Church, and various individuals. Appellant argues (1) the circuit court erred in applying an adult standard to a developmentally disabled fourteen-year-old boy who was excluded from Troop 292 after reporting he was sexually abused by his scoutmaster; (2) the circuit court failed to construe the record in the light most favorable to Appellant; (3) the circuit court erred in applying a heightened burden of proof to this case; and (4) summary judgment was inappropriate in light of the alleged novelty of the case, the alleged pendency of discovery, the pendency of Appellant's motion to amend the complaint, and the "as is just" standard of Rule 56(f), SCRCP. We affirm.

Appellant's argument that the circuit court erred in applying an adult standard to John Doe (Doe) is not preserved for our review. The circuit court did not address Doe's unique circumstances in evaluating Respondents' conduct, and Appellant did not file a Rule 59(e), SCRCP, motion seeking a ruling to correct this deficiency. *See Johnson v. Lloyd*, 407 S.C. 610, 612, 757 S.E.2d 705, 706 (2014) ("A party must file a Rule 59(e), SCRCP, motion to preserve an issue the trial court fails to rule on.").

In any event, this court may affirm for any reason appearing in the record. *See* Rule 220(c), SCACR ("The appellate court may affirm any ruling, order, decision or judgment upon any ground(s) appearing in the Record on Appeal."). Here, Appellant has not made a prima facie showing of severe emotional distress. While Doe's stepmother testified Doe was "really upset" about being excluded from Troop 292, Appellant presented no evidence that Doe's distress was severe. *See Ford v. Hutson*, 276 S.C. 157, 162, 276 S.E.2d 776, 778-79 (1981) (holding to recover for the intentional infliction of emotional distress, the plaintiff must establish, among other elements, that the emotional distress suffered by the plaintiff was severe).

In light of the foregoing, we need not reach the merits of Appellant's remaining issues. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not address the remaining issues on appeal when resolution of a prior issue is dispositive).

**AFFIRMED.**

**THOMAS, KONDUROS, and GEATHERS, JJ., concur**.