**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Brannon Poe, CPA, LLC, Respondent,

v.

Steve Stravolo, Stravolo & Company, P.A., and Upstate CPAs, P.A. f/k/a Mathur & Co., P.A., Appellants.

Appellate Case No. 2014-002755

———————————

Appeal From Spartanburg County
J. Derham Cole, Circuit Court Judge
J. Mark Hayes, II, Circuit Court Judge

———————————

Unpublished Opinion No. 2016-UP-202
Submitted February 1, 2016 – Filed May 11, 2016

———————————

**AFFIRMED**

———————————

Scott Franklin Talley, of Talley Law Firm, P.A., of Spartanburg, for Appellants.

Christy Ford Allen, of Wills Massalon & Allen, LLC, of Charleston, and Hannah Rogers Metcalfe, of Metcalfe & Atkinson, LLC, of Greenville, for Respondent.

———————————

**PER CURIAM:** Steve Stravolo, Stravolo & Company, P.A., and Upstate CPAs, P.A. f/k/a Mathur & Co., P.A. (Upstate) appeal the trial courts' orders granting

Brannon Poe, CPA, LLC (Poe) partial summary judgment on liability and awarding damages. Appellants argue the trial courts erred in (1) granting partial summary judgment on liability in favor of Poe; and (2) calculating damages. We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the trial court erred in granting partial summary judgment on liability in favor of Poe because privity of contract did not exist between Poe and Upstate: *Aiken v. World Fin. Corp. of S.C.*, 373 S.C. 144, 148, 644 S.E.2d 705, 708 (2007) ("In order to be preserved for appellate review, an issue must have been raised to and ruled upon by the trial court."); *Stevens & Wilkinson of S.C., Inc. v. City of Columbia*, 409 S.C. 563, 567, 762 S.E.2d 693, 695 (2014) ("Furthermore, a party cannot use a Rule 59(e) motion to advance an issue the party could have raised to the [trial] court prior to judgment, but did not."); *Klippel v. Mid-Carolina Oil, Inc.*, 303 S.C. 127, 129, 399 S.E.2d 163, 164 (Ct. App. 1990) ("Under Rule 56, SCRCP, when a party makes a motion for summary judgment and supports it by affidavits the adverse party may not rest on the allegations of his pleadings but must respond by affidavits or other evidence demonstrating a genuine issue of material fact.").

2. As to whether the trial court erred in its calculation of damages: *Beheler v. Nat'l Grange Mut. Ins. Co.*, 252 S.C. 530, 535, 167 S.E.2d 436, 438 (1969) (stating the trial court's findings of fact are conclusive upon appeal when supported by competent evidence in an action at law tried without a jury); *Austin v. Specialty Transp. Servs., Inc.*, 358 S.C. 298, 310, 594 S.E.2d 867, 873 (Ct. App. 2004) ("The trial [court] has considerable discretion regarding the amount of damages, both actual or punitive."); *id.* ("Because of this discretion, our review on appeal is limited to the correction of errors of law."); *id.* at 311, 594 S.E.2d at 873 ("Our task in reviewing a damages award is not to weigh the evidence, but to determine if there is any evidence to support the damages award.").

**AFFIRMED.**

**WILLIAMS, LOCKEMY, and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.